[No. 20,036. In Bank.—April 23, 1885.]

THE PEOPLE, RESPONDENT, v. E. MAYES, APPELLANT.

CRIMINAL LAW—EVIDENCE—VERDICT.—A verdict convicting the defendant in a criminal case will not be reversed for insufficiency of evidence, if the evidence was *prima facie* sufficient. The weight to be accorded the evidence is a question for the jury.

ID.—RAPE—CONSUMMATION OF OFFENSE.—The consummation of the offense of rape may be shown by the circumstances and surroundings.

ID.—RELATIONSHIP OF PARTIES—JURY.—In a prosecution for rape, where the defendant is a brother-in-law of the prosecutrix, the jury may consider the relations existing between the parties, as tending in some degree to show that the prosecutrix had a right to trust herself to the defendant without fear of molestation or harm from him.

ID.—EVIDENCE OF PROSECUTRIX—CONVICTION.—A conviction of such offense may be had upon the uncorroborated testimony of the prosecutrix.

ID.—FLIGHT OF DEFENDANT—EVIDENCE.—Evidence is admissible in such a case to show a search for and flight of the defendant.

ID.—SILENCE OF PROSECUTRIX—EVIDENCE TO EXPLAIN.—The reason why the prosecutrix did not make an immediate complaint against the defendant may be shown, for the purpose of rebutting any unfavorable inference that might otherwise have been drawn from her silence.

ID.— COMPLAINT BY PROSECUTRIX — PARTICULARS OF NOT ADMISSIBLE.— The prosecutrix on her examination in chief, may testify that she complained of the outrage committed on her, but evidence of the particulars of her complaint is inadmissible.

APPEAL from a judgment of the Superior Court of the county of Los Angeles, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*A. J. King, H. T. Gage,* and *Howard & Roberts,* for Appellant.

*Attorney General Marshall, George M. Holton, Stephen M. White,* and *Wells & Lee,* for Respondent.

MORRISON, C. J.—The defendant was convicted of the crime of rape. The first ground on which the reversal of the judgment is sought is, that the evidence was insufficient to justify the verdict of the jury. The evidence was *prima facie* sufficient, and it was a question for the jury to determine how far the evidence was worthy of belief; therefore, on this point, we find nothing which would justify us in interfering with the verdict. The court did not err in instructing the jury that the consummation of the offense might be shown by circumstances and the surroundings. Neither was it error to tell the jury that

"they had a right to consider the relation existing between the parties, as tending, in some degree, to show that the prosecutrix had a right to trust herself to the defendant without fear of molestation or harm from him." If it was a circumstance of any importance in the case, we think the instruction of the court correct. Surely, the prosecutrix had a greater right to repose confidence in the husband of her sister than in a stranger. We find no substantial error in that portion of the charge relating to resistance on the part of the prosecutrix. (2 Bish. Crim. Law, 1122; Whart. Amer. Crim. Law, 1141.)

The charge on the question of drunkenness seems to us in accord with the law as laid down by the Supreme Court in several cases, and was certainly as favorable to the defendant as the established doctrine on that subject would warrant. The court said to the jury :

" While it is the law that the testimony of the prosecutrix should be carefully scanned, still this does not mean that such evidence is never sufficient to convict. If you believe the prosecutrix, it is your duty to render a verdict accordingly."

The prosecutrix had testified to the existence of all the facts essential to the commission of the offense, and if what she swore to was true, there can be no doubt of the defendant's guilt. She was not impeached, and in cases of this character the prosecution must generally rely solely on the uncontradicted evidence of the prosecutrix, as, from the very nature of the offense, it frequently happens that there is no other witness. " The real facts in a case of rape are commonly known only to the defendant and the complaining woman. * * * If she speaks the truth, no completely satisfactory confirmation of her testimony can often be had." (2 Bish. Crim. Proc., § 962.) It was competent to show that search was made for the defendant at his home, and that he had fled. It was also competent for the prosecution to show why the prosecutrix did not make immediate complaint against the defendant, for the purpose of rebutting any unfavorable inference that might otherwise have been drawn from her silence.

There is another question in this case, and that we deem the most serious one presented by the record; and that relates to the competency of certain evidence admitted by the court, and

excepted to by the defendant. The learned counsel for the peo-
ple contends that no exception was made by the defendant, but
we think it sufficiently appears by the transcript that exception
was duly taken. The prosecutrix was allowed to state, on the
direct examination, certain complaints made by her to her sis-
ter, shortly after the transaction complained of. She said:

"I told her (meaning her sister) that he was hiding in the
bushes like a dog. I also told her that I was afraid, and asked
her where I should go. She said, 'Stay here where you are.
He will not hurt you where I am.' When I was crying, he said,
'Hush up your mouth, and go to the house. Do you see this
pistol? If you tell anybody this, I will kill you."

The foregoing statements were admitted, on the ground, as
stated by the court below, that they constituted a part of the *res
gestæ.* We will examine a few of the authorities on the point.
And, first, Mr. Greenleaf, in his work on Evidence, vol. 3, § 213,
says: "Though the prosecutrix may be asked whether she made
complaint of the injury, and when and to whom, and the per-
son to whom she complained is usually called to prove that fact,
yet the particular facts which she stated are not admissible in
evidence, except when elicited in cross-examination, or by way
of confirming her testimony after it has been impeached. On
the direct examination, the practice has been merely to ask
whether she made complaint that such an outrage had been per-
petrated upon her, and to receive only a simple yes or no. In-
deed, this complaint constitutes no part of the *res gestæ;* it is
only a fact corroborative of the testimony of the complainant."

The learned author here states that the complaint constitutes
no part of the *res gestæ.* After a somewhat lengthy considera-
tion of the subject, and an examination of the authorities, the
learned author says: "The true rule is to admit evidence of the
fact of complaint in all cases, and in no case to admit anything
more. The evidence, when restricted to this extent, is not hear-
say, but in the strictest sense original evidence. When, how-
ever, these limits are exceeded, it becomes hearsay in a very
objectionable form. There is every reason, therefore, why it
should be admitted to the extent indicated, and none why it
should be admitted further." (Roscoe Crim. Ev. 24.)

Another distinguished author on criminal law says: "It is

the usual course in cases of rape to ask the prosecutrix whether she made any complaint, and if so, to whom ; and if she mentions a person to whom she made complaint, to call such person to prove that fact.   But it has been the invariable practice not to permit either the prosecutrix or the person so called to state the particulars of the complaint in chief.''   (1 Russ. Cr. 688.)

In the case of *People* v. *McGee*, 1 Denio, 19, the Supreme Court of New York say that, " upon the trial of an indictment for rape, the declarations of the injured female, made immediately after the alleged offense, are not admissible in evidence for the prosecution to prove the offense committed." To the same effect is the case of *Stephen* v. *State*, 11 Ga. 225 ; and the same doctrine is found in the work of Mr. Wharton on American Criminal Law, § 1150.

Many other authorities might be cited, but the foregoing will suffice to show the great weight of authority on this subject. It is true, there are cases the other way ; but the text-writers, both English and American, concur in these views on the question.   We must therefore hold that it was error for the court to admit in evidence, on the examination in chief, the particulars of the complaint made by the prosecutrix to her sister, and for that error the judgment of the court below must be reversed.

As this case will probably be tried again, it is proper for us to call the attention of the court below to the instructions, particularly on the question of resistance, which has been severely criticised by counsel.   It seems to us that the instruction in question might be made more certain, and less liable to criticism for uncertainty.

Judgment and order reversed, and cause remanded for a new trial.

Sharpstein, J., concurred.

McKee, J., concurred in the judgment.

Thornton, J., concurring.—I concur in the judgment, and in what is said in the opinion, with the exception of that portion of it which relates to the instruction given by the court below as

to resistance on the part of the prosecutrix.  The court thus directed the jury:

" Resistance on the part of the woman must also be established by the evidence; but it is not necessary to show that she used all the resistance in her power.  If her resistance was in good faith, and honestly made, and was the utmost according to her light, and the circumstances under which she was placed, it is sufficient."

The court refused to give the instructions on the point of resistance by the female asked by the defendant.  These instructions are numbered 7, 8, and 9.  No. 7 was refused, on the ground that it is given in the instructions of the court.  Nos. 8 and 9 were refused, because properly given in the instructions of the court.

I do not think the portion of the instructions given which is quoted above, properly given.  It does not lay down a correct rule for the guidance of the jury.  The jury was told that if the resistance was made in good faith and honestly, and was the utmost according to her light, and the circumstances under which she was placed, it was sufficient.  The words, " according to her light " furnished no rule to the jury.  What their meaning is, we are at a loss to perceive.  What could the jury find as to the light of the woman?  What could they know of the internal state of her mind at the time of the commission of the assault on her, which is obviously referred to in the words " according to her light"?  These words were calculated to mislead and confuse the jury, and, in my opinion, constitute error for which defendant is entitled to a reversal, especially where the instructions asked on his behalf were refused by the court.

In my opinon the correct rule as to resistance is laid down in *People* v. *Dohring*, 59 N. Y. 374.  Further, in my opinion the court erred in not giving request No. 23 asked by defendant.  Though awkwardly expressed, it called the attention of the jury to the caution always given to it in prosecutions for rape, and which, in such cases, a court should never fail to give clearly and distinctly.

McKINSTRY, J., concurring.—I concur in the judgment.  In my opinion the court erred in giving the instruction commented on by Mr. Justice Thornton, and in permitting the prosecutrix,

on her direct examination, to explain why she did not sooner make complaint of the alleged outrage. The declarations of the prosecuting witness, except so far as they simply constituted a complaint of her injury, were incompetent; but I think the record fails to show that exception was taken to the testimony.

MYRICK, J., dissented from the judgment, and from the reasons given therefor.

Rehearing denied.