No. 17,201.

## SHOECRAFT v. THE STATE.

CRIMINAL LAW.—*Evidence.*—*Res Gestæ.*—*Robbery.*—Declarations of a prosecuting witness, made in relation to an alleged robbery perpetrated against him, in the absence of the accused parties, about two squares distant from the scene of the transaction, and after the occurrence complained of, were no part of the *res gestæ*.

From the Henry Circuit Court.

*J. Brown* and *W. A. Brown*, for appellant.

*A. G. Smith*, Attorney-General, and *F. E. Beach*, Prosecuting Attorney, for State.

HOWARD, C. J.—The appellant was indicted for robbery, to wit, the violent taking from the prosecuting witness of a silver watch of the value of ten dollars. His defense on the trial was, that he had won the watch from the prosecuting witness in a game at cards. The evidence was conflicting.

The jury found a verdict of guilty, fixing the punishment at imprisonment in the State prison for two years, with fine and disfranchisement.

Over a motion for a new trial the court rendered judgment on the verdict.

It appears that the robbery, or game of cards, whichever it may have been, took place near a cemetery about two squares from the union depot, in the city of New Castle.

The witness, William S. Tuturow, testified that he was at the union depot shortly after the time of the transaction complained of; and that the prosecuting witness, Wesley Craig, "came walking up the track pretty rapidly and said he was robbed," * * that "he had been robbed

of his watch and some money." And, being asked who did it, "He said it was Shoecraft and Griffin and Greiner,"—the last two being companions of the appellant.

This testimony was objected to as hearsay evidence, a report of words used in the absence of the appellant. The evidence was, however, admitted by the court.

Similar testimony was given over the objection of the appellant, by John S. Byer, a railroad agent, who was at the time engaged about the station.

The following question asked of this witness was objected to: "You may state whether or not you saw Wesley Craig there, and if so what he said to you?"

The court overruled the objection to the question, saying:

"Well, I think that the whole transaction, according to the testimony of the last witness, Mr. Tuturow, is admitted upon the theory that it is a part of the same transaction, and a part of the *res gestæ*."

The witness then answered that Wesley Craig, the prosecuting witness, said, "I have been robbed."

These reported statements of the prosecuting witness were made at a place two squares away from the place where the alleged robbery is said to have taken place, some time after that occurrence, and in the absence of the appellant who was charged with the offense.

In *Hall* v. *State*, 132 Ind. 317, where the defendant was indicted for murder, for administering poison to the deceased, it was held that declarations made by the deceased to his wife, in the absence of the defendant, and some time after the occurrence, to the effect that the defendant had invited him to take a drink of blackberry wine, and that it was very bitter, etc., were not admissible in evidence. They were so separated from the act as

to be merely narrative of what had occurred, and did not constitute a part of the *res gestæ*.

In *Parker* v. *State*, 136 Ind. 284, Mrs. Eyster, the wife of the deceased, was allowed to testify that on hearing the report of a revolver in the drug store below where she was, she ran down the hall towards the stairway, and when about midway of the hall her husband fell into her arms, and exclaimed: " 'My God, Maida, I am shot.' I dragged him to the bed, and he said, 'Those two colored fellows stepped to the door, and stepped back and shot me.' "

Of this evidence we said, in that case: "It is a familiar rule that whatever constitutes a part of the *res gestæ*—the act under immediate investigation—is admissible as original evidence. * * * In the nature of things, however, every act has a beginning and end; and it is difficult to perceive how that which occurs after the principal act is at an end, can constitute part of the act under investigation. * * * The declaration of Eyster, when he met his wife, that he was shot, was admissible because it was explanatory of his then condition, but his other declaration as to who shot him, and the manner in which the shooting occurred, was a mere narrative of a past event."

On the rule followed in this State, and illustrated in the foregoing authorities, we think it was error in the learned judge who presided at the trial in the case at bar to have admitted the evidence of the witnesses Tuturow and Byer over the objection of the appellant. The statements of the prosecuting witness made at the union depot, in the absence of appellant, at a distance from the scene of the transaction, and after the occurrence complained of, were no part of the *res gestæ*.

Other alleged errors complained of by appellants need

not, as we think, be considered in this opinion, as they may not arise hereafter.

For the error above indicated, the judgment rendered in this cause is reversed, with directions to grant a new trial.

The clerk is directed to make the proper order for the return of the appellant to the custody of the sheriff of Henry county.

Filed April 6, 1894.