## STATE OF UTAH, RESPONDENT, *v*. JOSHUA WRILEY NEEL, APPELLANT.

CRIMINAL PROCEDURE — PROSECUTION FOR RAPE — COMPLAINT BY PROSECUTRIX — EVIDENCE OF — GENERAL RULE. EXCEPTION TO GENERAL RULE. ANOTHER EXCEPTION.

*Criminal Procedure — Prosecution for Rape — Complaint by Prosecutrix — Evidence of — General Rule.*

In a prosecution for rape the prosecutrix may, upon her examination in chief, testify to the fact that she made complaint, to whom and when and where such complaint was made, but not the particulars thereof.

*Exception to General Rule.*

An exception to the general rule of evidence is that, when the complaint of the prosecutrix is so recent or of such a character as to be part of the *res gestae*, the particulars thereof are admissible, as a part of the case in chief, in a prosecution for rape.

*Another Exception.*

Another exception is that when the testimony of a prosecutrix is assailed by the defense, in a prosecution for rape, or when a portion only of the complaint made is elicited on cross-examination, the prosecution may show the details of the entire complaint.

(Decided February 27, 1900.)

Appeal from the Third District Court, Summit County. Hon. A. G. Norrell, *Judge.*

Defendant was prosecuted and convicted for the crime of rape. From a verdict of guilty and the judgment entered thereon, defendant appealed to this court. *Reversed.*

*J. M. Lockhart, Esq.*, and *Messrs. Powers, Straup, and Lippman*, for appellant.

The rule is that if the prosecutrix at her earliest opportunity made complaint of her injury, that fact may be shown and the person to whom such complaint was made. But the particulars thereof can not be given in evidence. Greenleaf, 15th Ed., Sec. 213; Russell on Crimes, Vol. 3, 232; *Thompson* v. *State*, 38 Ind., 39; *State* v. *Sargent*, 49 Pac. (Ore.), 889; *Lee* v. *State*, 74 Wis., 45; *State* v. *Richards*, 33 Ia., 420; *Barnett* v. *State*, 83 Ala., 40; *Pefferby* v. *State*, 40 Texas, 487; *State* v. *Jones*, 6 Mo., 232; *Baccio* v. *People*, 41 N. Y., 265; *Parkens* v. *State*, 67 Md., 329; *State* v. *Shettleworth*, 18 Minn., 191; *People* v. *Graham*, 21 Cal., 261; *People* v. *Mayes*, 66 Cal.; 597; *Oleson* v. *State*, 11 Neb., 276; Mc Lain Crim. Law, Vol. 1, Sec. 455.

Not only is it not competent to state any of the particulars stated by the prosecutrix in her complaint, it is not competent to state the name of the person she gave who committed the assault or injury. *Bean* v. *People*, 124 Ill., 576; *Stephens* v. *State*, 11 Ga., 225; *State* v. *Robertson*, 58 Am. Rep. (La.), 201; *People* v. *Lambert*, 120 Cal., 170; *Thompson* v. *State*, 38 Ind., 39.

There is still another reason why the testimony was not competent; because the complaint was not made at the earliest opportunity and the delay was not sufficiently excused or justified. *People* v. *Lambert, supra*; *People* v. *Barney*, 114 Cal., 554; *Harmon* v. *Ter.*, 49 Pac., 55.

Immediateness is essential to its admissibility. And the declaration must be made *in extremis*. *Hornbeck* v. *State*, 35 O. St., 277; *State* v. *Meyer*, 46 Neb., 152.

*Hon. A. C. Bishop*, attorney-general;

*Hon. W. A. Lee*, deputy attorney-general.

*W. I. Snyder, Esq.*, and *E. M. Allison, Jr., Esq.*, for respondent.

In *State v. Sargent*, 49 Pac. (Ore.), 889, the leading case relied upon by appellant, the court does say that it is error to permit the mother of the prosecutrix, who in this case was a young child, to testify touching the particulars of the alleged assault. And such is the holding of the numerous other authorities cited in appellant's brief.

The rule is probably sustained by the weight of authority, yet there are very many courts, whose opinions are entitled to great weight, that announce the contrary rule. *People* v. *Brown*, 53 Mich., 531; *People* v. *Gage*, 62 Mich., 271; *People* v. *Glover*, 71 Mich., 303. See also *Johnson* v. *State*, 17 O., 593; *Laughlin* v. *State*, 18 O., 99; *McCombs* v. *State*, 8 O. St., 643; *State* v. *De Wolf.*, 8 Conn., 153; *Bryne* v. *State*, 47 Conn., 465.

*Brief of Mr. W. I. Snyder and Mr. E. M. Allison, Jr.*

It is generally well settled that evidence of preparation; of attempts to commit the same crime on the same female at another time; of circumstances indicating plan, and arrangement; and of a desire to commit the same crime, are admissible.    3 Rice on Ev. (Crim.), p. 73; Gillett Indirect and Col. Ev., Sec. 57, p. 78, note 1; 2 Bishop Crim. Proc., Sec. 970, note 7; *People* v. *O'Sullivan*, 104 N. Y., 481; *People* v. *Abbott*, 97 Mich., 484, 56 N. W., 862; *Maillet* v. *People*, 42 Mich., 262; *Farris* v. *People*, 129 Ill., 531; *State* v. *Patrick*, 17 S. W., 666.

In Michigan, and some other States, as well as some of the later cases in England, it is held that the entire story called by the text writers "the particulars" of the transaction, may be testified to on the stand.

*Maillet* v. *People*, 42 Mich., 262; *People* v. *Lynch*, 29 Mich., 288; *Brown* v. *People*, 36 Mich., 203; *Ulrich* v. *People*, 39 Mich., 249; *Thompson* v. *State*, 38 Ind., 39; *State* v. *De Wolf*, 8 Conn., 93; *State* v. *Kinney*, 44 Conn., 53; *State* v. *Bryne*, 47 Conn., 465; *State* v. *Peter*, 8 Jones (N. C.), 19; *State* v. *Marchall*, Phil. Law (N. C.), 49. See *State* v. *Laxton*, 78 N. C., 564; *Burt* v. *State*, 23 O. St., 394; *Mc Combs* v. *State*, 8 O. St., 643; *Laughlin* v. *State*, 18 O. St., 99; *Johnson* v. *State*, 17 O. St., 593; *Benstine* v. *State*, 2 Lea (Tenn.), 246; Reg. Wood, 14 Cox C. C., 46; 2 Bish. Crim. Proc., Sec. 963; 3 Am. Crim. Rep., 385; 3 Rice Crim. Ev., p. 826.

BARTCH, C. J.

The defendant was prosecuted for and convicted of the crime of rape. Upon being sentenced to the penitentiary for a term of five years, he appealed to this court setting forth various errors alleged to have been committed during the trial of the cause. He was charged with having perpetrated the offense on Nov. 19, 1898, upon the person of Jeanette Lyons, a married woman, the prosecutrix in the case. It appears that some time after the day on which it was claimed the offense was committed, the prosecutrix complained to her husband about what had happened. At the trial, in relation to the complaint thus made, during her examination as a witness by the prosecution, interrogatories were propounded, answers given, and proceedings had as follows:

"Q. Did you tell him all about what had happened?

Judge Powers: We object to it as incompetent, immaterial, and irrelevant. The only testimony that is competent is the fact that she made complaint.

Court: I think she must tell what she stated.

Exception for defense.

A. I told him all that took place between me and Neel on the 19th of November — all that occurred that night.

Q. And just as you told it here on this stand?

A. Yes, sir.

Judge Powers: I move to strike that out as incompetent and immaterial.

Mr. Snyder: Let it go out.

Judge Powers: And I ask that the jury be instructed not to pay any attention to it.

Court: The court will instruct them generally."

The husband of the prosecutrix was also permitted to testify that she told him what had taken place between her and the defendant.

It is contended that the action of the court in admitting such testimony was erroneous, and we are of the opinion that this contention is well founded.

The law is well settled that, in a prosecution for rape, the prosecutrix, upon her examination in chief, may testify to the fact that she made complaint of the outrage recently after its perpetration, and may state to whom such complaint was made, where and when the crime was committed, but she can not state the particulars of the complaint. The fact that she made complaint of the injury, soon after it was inflicted, to a person to whom she would naturally complain, is deemed relevant and admissible on the ground that it corroborates the witness, but the particulars of what constituted the complaint she may not state. The natural instinct of a female, thus outraged and injured, prompts her to disclose the occurrence, at the earliest opportunity, to the relative or friend who naturally has the deepest interest in

her welfare, and the absence of such a disclosure tends to discredit her as a witness, and may raise an inference against the truth of the charge. To avoid such discredit and inference it is competent for the prosecution, to anticipate any claim as to effects, and show, by affirmative proof of the victim and of her relative or friend to whom she narrated the circumstances of the outrage, that complaint was made recently after its commission. Where the complaint is so recent and of such a character as to be a part of the *res gestæ*, the particulars or details thereof are also admissible. So, when the testimony of the prosecutrix is assailed by the defense, the details may be admitted in corroboration thereof. Likewise where the defense on cross-examination has developed but a portion of such complaint, the prosecution may then elicit the balance. But where, as in this case, these things, last referred to do not appear, the particulars of the complaint are wholly irrelevant and inadmissible. While delay in making complaint may awaken suspicion and tend to discredit the testimony of the prosecuting witness, yet mere lapse of time is not a test of admissibility, but simply a matter which the jury may consider in determining the weight which ought to be given to it. As, in a case like the one at bar, the prosecutrix can not, upon her examination in chief, testify to the particulars, which constituted the disclosure, so neither can the person to whom she made complaint.

According to the undoubted weight of authority, the witness in such a case, upon direct examination should be asked merely whether she made complaint that such an outrage had been perpetrated upon her, and the answer should be simply yes or no. Then, if an affirmative answer be given, the further inquiries may be made as to who perpetrated the outrage, and when and where it was committed.

In 3 Greenl. on Ev., Sec. 213, the author says:

"Though the prosecutrix may be asked whether she made complaint of the injury, and when and to whom, and the person to whom she complained is usually called to prove that fact; yet the particular facts which she stated are not admissible in evidence, except when elicited in cross-examination, or by way of confirming her testimony after it has been impeached. On the direct examination, the practice has been merely to ask whether she made complaint that such an outrage had been perpetrated upon her, and to receive only a simple yes or no. Indeed, the complaint constitutes no part of the *res gestæ:* It is only a fact corroborative of the testimony of the complainant; and, where she is not a witness in the case, it is wholly inadmissible." Russ. on Crimes, 232–233; 1 Greenl. on Ev., Sec. 102; 1 Mc Clain on Crim. Law, Secs. 455, 456; 1 Whart. Crim. Law, Sec. 566; *Thompson* v. *The State,* 38 Ind., 39; *State* v. *Sargent,* 32 Ore., 110; *Lee* v. *The State,* 74 Wis., 45; *Baccie* v. *The People,* 41 N. Y., 265; *The State* v. *Richards,* 33 Ia., 420; *Barnett* v. *The State,* 83 Ala., 40; *Pefferling* v. *The State,* 40 Texas, 487; *State* v. *Jones, Jr.,* 61 Mo. 232; *State* v. *Shettleworth,* 18 Minn., 191; *People* v. *Mayes,* 66 Cal., 597; *Bean* v. *The People,* 124 Ill., 576.

Tested by the foregoing principles the proceedings, shown by the above quotations from the record, were clearly prejudicial to the rights of the appellant. When the witness was interrogated as to the disclosure, she had already, in detail, testified to the particulars of the crime, and, therefore, her affirmative answers to the questions, "Did you tell him all about what happened ?" "And just as you have told it here on the stand ?" were equivalent to stating not only that she made complaint, but also to stating the particulars thereof. It seems the prosecution recognized the force of the ob-

jection to the last question and consented that it might "go out," but the court, upon being requested to withdraw the matter from the jury, answered that it would "instruct them generally in the charge," and then failed to do so, thus permitting irrelevant testimony, prejudicial to the defendant, to be considered by the jury. The objections to both questions ought to have been sustained.

A number of other points have been presented, but since a new trial must be granted, and as the same questions may not again arise in the case, we do not deem it important to discuss them.

The judgment is reversed and the case remanded, with directions to the court below to grant a new trial.

BASKIN, J., and McCARTY, Dist. Judge, concur.