THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GIRALAMO SCATTURA, Plaintiff in Error.

*Opinion filed February 19, 1909.*

1. INDICTMENT—*when charge in terms of statute is sufficient.* An indictment charging an offense in the terms and language of the statute creating it is sufficient, if the words of the statute so far particularize the offense that by their use alone the defendant is notified, with reasonable certainty, of the precise offense with which he is charged.

2. CRIMINAL LAW—*proof of complaint by child not admissible in prosecution for taking indecent liberties.* The rule permitting proof of immediate complaint by the woman in a prosecution for rape does not extend to any other offense even though it consists of violence against the person, and hence proof of complaint by a child is not admissible in a prosecution for taking indecent liberties with her.

3. APPEALS AND ERRORS—*when right to complain that testimony was incompetent is not waived.* Where, in an answer to a proper question, incompetent testimony is given, the court should, on motion, exclude such testimony; but the fact that the party against whom the testimony is given does not move to exclude it does not waive his right to raise the question of its competency, if it was not competent in any event and no other evidence to prove the same facts could have been introduced had the testimony been excluded.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

CHARLES W. ESPEY, for plaintiff in error.

WILLIAM H. STEAD, Attorney General, and JOHN J. HEALY, State's Attorney, (HOBART P. YOUNG, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

Plaintiff in error prosecutes this writ to reverse his conviction upon an indictment charging him with taking indecent liberties with a girl about seven years old.

The indictment, under the act of May 17, 1907, "to define and punish crimes against children," (Hurd's Stat. 1908, p. 716,) charges that the plaintiff in error, "being a male person of the age of seventeen years and upwards, unlawfully and feloniously did take certain immoral, improper and indecent liberties with a certain female child under the age of fifteen years and of the age of seven years, to-wit, Maia Bessonet, with the intent of arousing, appealing to and gratifying the lust, passions and sexual desires of him, the said Giralamo Scattura."

A motion was made to quash the indictment because it did not describe the particular acts constituting the immoral, improper and indecent liberties. Under section 408 of the Criminal Code an indictment is sufficient which states the offense in the terms and language of the statute creating the offense or so plainly that the nature of the offense may be easily understood by the jury. In the construction of this section we have held that it is sufficient to charge the offense in the language of the statute when the words of the statute so far particularize the offense that by their use alone the defendant is notified, with reasonable certainty, of the precise offense with which he is charged. (*Strohm* v. *People,* 160 Ill. 582; *Loehr* v. *People,* 132 id.

504; *Seacord* v. *People,* 121 id. 623; *Fuller* v. *People,* 92 id. 182.) The indictment was substantially in the language of the statute and was entirely sufficient to notify the defendant of the nature of the offense with which he was charged. The motion to quash was properly overruled.

The prosecuting witness testified that on Sunday morning, May 17, 1908, at about ten o'clock, she was on her way home, skipping a rope along the sidewalk. The plaintiff in error was sitting in a chair on the sidewalk in front of the shop where he worked. As she was passing he called her. She went to him and he took her on his lap. After holding her a few minutes he carried her into a room in the rear of the shop, put her on a bed, raised her clothes and put his hand between her legs. She began to cry and he told her to shut up. He then gave her a quarter and she ran home, crying. Her home was about two blocks from the shop.

The plaintiff in error testified that he was sitting in front of the shop, smoking. He stooped to pick up his pipe, which had fallen to the ground, when the prosecuting witness came along, skipping her rope. The rope struck him, and to frighten her he took hold of it and jerked it, and said, "Get out." She began to cry. He threw the rope to her and she ran away. He said he had been bothered a great deal by boys in the neighborhood and was angry when the rope struck him. He denied that she sat upon his lap, that he took her into the back room, that he hurt her or that he gave her a quarter.

The father of the little girl testified that she came home, crying, and said a man tried to steal her. Nothing more was said at that time. He was asked: "Did you talk with the little girl afterwards?" Counsel for the plaintiff in error objected, and the court said: "Following a line of rape cases this testimony is admissible as to complaint. He may answer." Counsel for the defendant excepted, and the witness then stated that in the afternoon the children

wanted him to find out who had tried to steal her. He questioned the child and she told about the transaction in detail, all of which the witness repeated to the jury. No motion was made at the time to exclude this testimony, but at the close of the case, and before its submission to the jury, a motion was made to exclude the conversation in the afternoon except the fact that complaint was made. This motion was overruled and the defendant excepted.

This evidence was incompetent. In prosecutions for rape, proof of immediate complaint by the woman is competent, but it is an exception to the rule which forbids the reception of hearsay evidence. It is an arbitrary rule which permits the corroboration of the prosecutrix by her own complaint of the assault upon her. But it stops there. The rule does not extend to any other offense, even though it consist of violence against the person, as assault or robbery. In such case, evidence of outcry or complaint by the person alleged to have been injured is not competent unless so immediate as to be admissible as part of the *res gestæ.* All the testimony as to the fact that complaint was made, and as to the particulars thereof, was incompetent.

It is not contended by counsel for the People that this evidence as to the particulars of the complaint was competent, but it is insisted that the plaintiff in error cannot raise the question of its competency; that the answer of the witness giving the incompetent testimony was not responsive to the question; that the defendant did not then move for its exclusion; that he made no such motion until the close of the argument, and that his motion was then too late. When, in answer to a proper question, a witness gives testimony which is incompetent, it is the duty of the court, on the motion of the party against whom the testimony is given, to exclude it. (*Hill* v. *Bahrns,* 158 Ill. 314.) If the right to have the testimony excluded may be regarded as waived when the party in whose favor it is given might have supplied its omission if the motion to exclude had been

made at an earlier period in the trial, this cannot be said of the testimony here, for in no event could it be competent or could other evidence be introduced to prove the same facts. It was error to refuse to exclude this testimony.

The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*