(No. 14863.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH ROMANO, Plaintiff in Error.

*Opinion filed February 21, 1923.*

1. CRIMINAL LAW—*what acts or declarations are admissible as res gestæ.* Acts or declarations which are so closely connected with the main transaction as to explain it or form a part of it are admissible in criminal cases as part of the *res gestæ,* but where the main transaction is completed and the declarations amount to a mere recital of past events they are hearsay and are inadmissible.

2. SAME—*what evidence of complaint may be received in rape cases.* In a rape case it is proper for the prosecutrix to testify that she made complaint concerning the assault and proper to permit the person to whom she complained to corroborate that fact, but it is not proper to give any of the details of the complaint, and the complaint itself must be the spontaneous expression of outraged feelings and not the mere recital of a past event.

3. SAME—*complaint in rape case is not part of res gestæ.* The complaint of the prosecutrix in a rape case constitutes no part of the *res gestæ,* nor is the evidence of it hearsay when properly restricted, but it is original evidence of the fact of the complaint which cannot be ascertained in any other way.

4. SAME—*evidence of child's complaint is not admissible in a prosecution for taking indecent liberties.* The rule permitting evi-

dence of the complaint in a rape case does not extend to the crime of taking indecent liberties with a child, as the reason for receiving such evidence is not present in cases of assault other than rape cases.

CARTER, J., dissenting.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding.

J. M. CAMELON, (H. F. CHAVERIAT, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, GEORGE C. DIXON, and JAMES WILSON GULLETT, (HENRY T. CHACE, JR., EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error was convicted in the criminal court of Cook county of the charge of taking immoral, improper and indecent liberties with Florence Gezing, a female child of the age of six years. The conviction rests upon the testimony of the complaining witness and of two other little girls, six and nine years old, respectively. The mother of the complaining witness and the nine-year-old girl were permitted to testify, over objection, that the child made a complaint to them of the conduct of plaintiff in error. The evidence showed the child had not suffered a physical injury.

Acts or declarations which are so closely connected with the main transaction as to explain it or form a part of it are admissible in criminal cases as part of the *res gestæ,* but where the main transaction is completed and the declarations amount to a mere recital of past events they are hearsay and are inadmissible. In rape cases, where the injured woman is a witness, it is proper for the woman to testify that she made prompt complaint concerning the outrage which had been perpetrated upon her, and it is proper to

permit the person to whom she complained to give testimony that the complaint was made, but it is not proper to give any of the details of the complaint. Evidence of the complaint is admitted on the theory that the natural instinct of a female thus outraged and injured prompts her to disclose the occurrence at the earliest opportunity to the relative or friend who naturally has the deepest interest in her welfare, and it is deemed relevant on the ground that it corroborates her statement that she was assaulted. (4 Elliott on Evidence, sec. 3099; *State* v. *Neel,* 21 Utah, 151, 60 Pac. 510.) To be admissible the complaint must be the spontaneous expression of her outraged feelings and not the mere recital of a past event. (*Cunningham* v. *People,* 210 Ill. 410.) Such a complaint constitutes no part of the *res gestæ,* nor is the evidence, when restricted to the complaint alone, hearsay. It is original evidence of a fact which is important in rape cases and which cannot be ascertained in any other way. (1 Wharton on Crim. Evidence,—10th ed.—518; Roscoe on Crim. Evidence, 24; *People* v. *Mayes,* 66 Cal. 597, 6 Pac. 691.) The rule permitting evidence of a complaint does not extend to the crime of taking indecent liberties with a child, (*People* v. *Scattura,* 238 Ill. 313,) nor to other offenses. (1 Wharton on Crim. Evidence,—10th ed.—522; *Shoecraft* v. *State,* 137 Ind. 433, 36 N. E. 1113.) The reason for receiving such evidence is not present in cases of assault, other than rape cases. The admission of the evidence of the complaint was reversible error.

The judgment is reversed and the cause is remanded to the criminal court of Cook county.

*Reversed and remanded.*

Mr. JUSTICE CARTER, dissenting:

I do not agree with the conclusion reached in the foregoing opinion. Had the prosecution been for rape, it is clear that the testimony as to the complaint made by the girl, Florence, to her mother would have been admissible.

Under other properly admitted evidence the facts here are not dissimilar from those involved in rape, and this is likely to be the case in a large number of prosecutions involving indecent liberties with children. The restriction of such testimony to cases of rape has, it seems to me, no logical or other basis. In fact, the tender age of the child gives a more proper basis for the admission of such testimony in cases of this character. *People* v. *Scattura,* 238 Ill. 313, is clearly distinguishable from this case because there the father gave in detail the circumstances of the crime as related by his daughter, such statements by the daughter being made some hours after the first opportunity for her to disclose the occurrence and after much questioning. The mother's testimony in this case as to the fact of complaint by her daughter was properly admitted. Failure to make prompt complaint should, in rape cases, be given such weight in favor of the accused as the circumstances will warrant. (*People* v. *Lutzow,* 240 Ill. 612.) The same rule should apply in cases of this character. The fact of complaint should be equally admissible in cases of this character. (*Gardner* v. *Kellogg,* 23 Minn. 463.) This court said in the case of *People* v. *Scattura, supra,* on page 316: "It is an arbitrary rule which permits the corroboration of the prosecutrix by her own complaint of the assault upon her." I agree fully with this statement in that case as to the rule being usually arbitrary, but well-considered authorities for many years have held that the character of an injury may be explained by exclamations of pain and terror at the time the injury is received, such declarations and explanations being part of the *res gestæ.* (1 Wharton on Evidence,— 3d ed.—sec. 268.) In England it appears from the authorities that the evidential use of outcries and exclamations came to us in the seventeenth century as a traditional relic of the old law of hue and cry. Not only in such cases, but in all charges of violence, the accuser must show, to sustain his charge, that he made hue and cry, alarming the neigh-

borhood, freshly from the occurrence. This practice does not seem to have been seriously questioned until towards the end of the seventeenth century. Then in the *Brazier case,* 1 East's P. C. 443, a child of five years, after the rape, made statements to the mother on reaching home and on the next day identified the prisoner, and the court finally ruled that the evidence, because the child was so young and was not sworn, was not admissible; and this laid the foundation for a subsequent course of rulings in England by which it was settled that the details of the woman's statement could not be received,—*i. e.,* that the statement could not be used testimonially and as a hearsay exception. The settlement was reached only through a series of *nisi prius* rulings, and the matter may be said to have remained long in doubt. The doubt apparently came chiefly from a failure to appreciate clearly why the courts should be willing to receive the fact of the complaint but should reject the details stated, and *Regina* v. *Walker,* 2 Moo. & Rob. 212, finally settled the question by stating: "The sense of the thing certainly is that the jury should in the first instance know the nature of the complaint made by the prosecutrix and all that she then said, but for reasons which I never could understand, the usage has obtained that the prosecutrix's counsel should only inquire, generally, whether a complaint was made by the prosecutrix of the prisoner's conduct towards her, leaving the counsel of the latter to bring before the jury the particulars of that complaint by cross-examination." (See 3 Wigmore on Evidence,—1904 ed.— par. 1760.) This doctrine seems to have received the approval of other courts since then, in *Baccio* v. *People,* 41 N. Y. 265, and in *Gardner* v. *Kellogg, supra.* Moreover, even if it were error to admit this evidence in this case, the jury could not reasonably have reached any other verdict than that which they did reach, (*People* v. *Montgomery,* 271 Ill. 580,) and therefore this judgment should not be reversed.