THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY TAYLOR, Defendant-Appellant.

Fourth District No. 14644

Opinion filed September 22, 1978.—Rehearing denied October 25, 1978.

Richard J. Wilson and Edward R. Green, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Fahey, State's Attorney, of Danville (Robert C. Perry and James G. Condon, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant was charged by information with five counts of aggravated incest (Ill. Rev. Stat. 1975, ch. 38, par. 11—10), five counts of indecent liberties with a child (Ill. Rev. Stat. 1975, ch. 38, par. 11—4), one count of aggravated assault (Ill. Rev. Stat. 1975, ch. 38, par. 12—2), and one count of pandering (Ill. Rev. Stat. 1975, ch. 38, par. 11—16). Following a jury trial, the defendant was found guilty of three counts of aggravated incest, three counts of indecent liberties with a child, and pandering. A verdict was directed on the charge of aggravated assault, and the other charges resulted in acquittals. The defendant was sentenced to concurrent terms of 4 to 20 years in the penitentiary on each of the indecent liberty and aggravated incest charges, and a consecutive term of 1 to 3 years plus a $5,000 fine on the pandering charge.

On appeal, the State has properly conceded that the trial court erred in entering judgment on the aggravated incest charges because those charges resulted from the same physical acts as the indecent liberties charges. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838.) This court is therefore called upon to resolve questions arising from three counts of indecent liberties with a child, and one count of pandering.

At the time of trial, the complaining witness was 15 years old and enrolled in the ninth grade. She lived with her mother and stepfather, the defendant, from June 1, 1976, until the fall of 1976. She testified in detail regarding three acts of intercourse between herself and the defendant occurring on September 11, September 25, and October 1, 1976.

■█ █ The complaining witness also testified as to facts alleged to have constituted pandering by the defendant. This testimony was corroborated by the complaining witness' grandmother, the defendant's mother-in-law. On November 6, 1976, the complaining witness telephoned the defendant from her grandmother's home. With the grandmother listening in on the conversation, the defendant again offered to set up an arrangement in a motel room where the complaining witness could earn $30 to $40.

> "Any person who performs any of the following acts *for money* commits pandering:
> (1) Compels a female to become a prostitute; or
> (2) Arranges or offers to arrange a situation in which a female may practice prostitution." (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 38, par. 11—16(a).)

While the receipt of money need not be proved to sustain a conviction for pandering, the State does bear the burden of proving that the defendant acted for money. (*People v. McCall* (1977), 52 Ill. App. 3d 407, 367 N.E.2d 588.) On cross-examination, the complaining witness testified that the defendant never mentioned that he would receive anything for arranging the situation. Since the record is void of any evidence tending to prove that the defendant acted for money, we are compelled to reverse his conviction for pandering.

The defendant also contends that the evidence presented at trial did not prove him guilty beyond a reasonable doubt of indecent liberties with a child. The only evidence corroborating the victim's testimony is the testimony given by her grandmother which indicates that the defendant encouraged the complaining witness to indulge in sexual misconduct.

■ Where a conviction for taking indecent liberties with a child is based upon the testimony of the child, the testimony must be corroborated or otherwise be clear and convincing in order to sustain a conviction. (*People v. McGrath* (1963), 28 Ill. 2d 132, 190 N.E.2d 746.) Notwithstanding insufficient corroboration, the complaining witness' testimony at trial provided a detailed account of the occurrences and was not conflicting or otherwise unclear on any relevant point. The complaining witness testified as to the time of day of all three incidents. She was able to recall where the other members of the family were at the relevant times, as well as testifying as to the acts of sexual intercourse between herself and her stepfather. The evidence presented by the complaining witness was sufficient for the trier of fact to find the defendant guilty of indecent liberties beyond a reasonable doubt.

The defendant has raised numerous other issues on appeal relating to the pandering conviction which become unnecessary to address because of the reversal of his conviction for pandering.

For the foregoing reasons, the judgment of the circuit court of Vermilion County is affirmed in part and reversed in part.

Affirmed in part and reversed in part.

MILLS, P. J., and TRAPP, J., concur.