THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MYRON MONROE BOASTICK II, Defendant-Appellant.

Fourth District   No. 4—85—0241

Opinion filed January 16, 1986.

Daniel D. Yuhas and Allen H. Andrews, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and Rebecca L. White, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On January 8, 1985, a seven-count information was filed in the circuit court of Champaign County charging defendant, Myron Monroe Boastick II, with the offenses of aggravated criminal sexual assault (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—14(b)(1)), and aggravated criminal sexual abuse (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—16(c)(1)). The information named the defendant's 12-year-old

stepdaughter as the victim of all of the offenses. On March 7, 1985, after a trial by jury, the court entered judgment finding defendant guilty of two offenses of such assaults and two offenses of such abuse. On April 3, 1985, the court sentenced defendant to concurrent terms of six years' imprisonment for each assault offense and three years' imprisonment for each abuse offense.

Defendant has appealed, contending: (1) The State failed to prove beyond a reasonable doubt one of the assault offenses and one of the abuse offenses; (2) one of the sexual abuse convictions was "carved from the same act" as one of the sexual assault convictions and must be set aside; (3) admission of testimony of a prompt complaint by the victim deprived the defendant of due process; (4) the trial court erred in admitting testimony of the victim's mother's opinion of the truthfulness of the victim's complaint; and (5) the State's closing argument deprived defendant of a fair trial. We affirm all convictions and all sentences except one sentence on one of the abuse convictions. We remand for resentencing thereon.

The complainant testified she lived with her mother, her young brother, and defendant, her stepfather. She then told of episodes described in the following paragraphs.

One day when the victim was in her bedroom in the basement of her home, defendant came to the basement and asked her if she had gotten the mail. The defendant then pushed her against the wall and rubbed his fingers against her "privates." Both were fully clothed at the time. Defendant then promised her one dollar if she would not tell her mother of the incident. This was the first time defendant had done anything of this nature to her.

On another occasion, defendant again came to her room and asked if she had gotten the mail. He then pushed her on the bed, removed his and her underwear, and inserted his penis in her vagina. He then, again, offered her one dollar if she did not tell her mother.

The victim could not remember exactly when those two incidents happened but said they occurred in the fall of 1984 after school started.

Later, on November 9 or 10, 1984, complainant's grandmother had been sitting with her and her brother while her mother and defendant were out for the evening. After she had gone to bed, she was awakened by defendant, who was sitting on her bed dressed only in his underwear. Defendant took his and her clothes off, put his penis in her vagina and squeezed her breasts. After certain further acts, defendant explained how people "French" kissed but did

not kiss her. When defendant heard the victim's mother coming, he put on his underwear and went upstairs. Her mother then came down to the basement and asked what had happened. The victim had difficulty in answering but finally told her mother what had happened. She then went upstairs and repeated her story in front of defendant.

The victim's mother, Mrs. Boastick, testified that when she and defendant returned at 12:30 or 1 a.m., she gave her mother a ride home, leaving defendant alone with the children. She said that when she returned, she was in the bathroom and saw defendant coming upstairs from the basement. She said that she heard him say "ssh, don't say anything," and he told her he was checking on the battery charger for his motorcycle. She also said that she could hear her daughter downstairs crying and went to ask her what was wrong. Mrs. Boastick indicated that Angela told her that defendant had removed her pants and was "playing" with her breasts and was "messing" between her legs. Mrs. Boastick said that she confronted defendant with the information, but he denied it.

On cross-examination, Mrs. Boastick indicated that the relationship between defendant and the complainant was typical of a stepfather situation, and she was sure her daughter resented defendant in some ways. She also admitted that she might have told the examining pediatrician and complainant's counselor that her daughter did not like defendant. She also admitted that she did not initially believe her daughter's allegations. Mrs. Boastick testified that the complainant had indicated in the spring of 1984 that defendant had fondled her breasts, but that Mrs. Boastick did not then believe her. When recalled by the defense, Mrs. Boastick was asked by the defense whether she made a statement in November 1984 questioning the complainant's veracity. Then, when cross-examined by the State, she said she now believed her daughter.

Deputy Sheriff Paul Pope testified that when he talked to defendant on November 14, 1984, defendant indicated that he had not committed any of the acts alleged. As to the earlier acts charged, defendant did not give a positive denial and indicated that he had been drinking heavily and had blackouts during that period. Dr. Mary Beutow, a pediatrician, testified to examining the complainant on November 19, 1984. According to Dr. Beutow: (1) The victim gave her an explanation of the events of November 9 or 10, 1984, similar to that which the victim testified to at trial; (2) the victim was fully developed sexually, had no hymen, and had external genitalia which indicated she had engaged in intercourse with an

adult male.

Defendant testified and denied the allegations against him. He stated that at no time had he engaged in sexual activity with the complainant. He testified that complainant was a disciplinary problem and became angry with him if he agreed with her mother during domestic disputes. He testified that during a period of disciplinary problems in April or May of 1984, complainant had accused him of molesting her. He said that several days later, the complainant told him that she did not want him to live in the house any more.

Count I of the information charged defendant with the offense of aggravated criminal assault in that, being a person of 17 years of age or older, he had placed his penis in the vagina of the complainant who was under the age of 13 years. The offense was alleged to have occurred sometime between July 1984 and November 1984. The charge was submitted to the jury and the jury returned a guilty verdict. Defendant contends that the proof did not support the verdict.

The State relies upon the evidence of the second episode described by the complainant during which she said defendant came to her room and pushed her on the bed. After relating the first episode when defendant allegedly rubbed her genital area, the victim was asked whether there was another time that fall when defendant "did anything" to her. The victim first indicated she could not remember but after several questions, gave a clear explanation of the episode. Defendant maintains that the defendant's conviction of this charge is based entirely on the victim's testimony of this episode and that her testimony lacks the clarity required to support a conviction of this offense under these circumstances.

Defendant relies upon *People v. McGrath* (1963), 28 Ill. 2d 132, 190 N.E.2d 746, and *People v. Taylor* (1978), 64 Ill. App. 3d 279, 381 N.E.2d 303. In *McGrath*, the supreme court overturned a conviction for taking indecent liberties with a child. The prosecution's case was based entirely upon the testimony of a six-year-old witness who gave conflicting and confusing testimony. The court stated the often repeated rule "that where a conviction for taking indecent liberties is based upon the testimony of a *child of tender years*, the evidence must be corroborated or otherwise clear and convincing in order to sustain a judgment of guilt." (Emphasis added.) (*People v. McGrath* (1963), 28 Ill. 2d 132, 135, 190 N.E.2d 746, 748.) In *Taylor*, in a case involving convictions for incest, indecent liberties and pandering, this court affirmed the incest and indecent liberties con-

victions, finding that the testimony of the 15-year-old victim was both corroborated and clear and convincing. The court cited *McGrath* for a rule that "[w]here a conviction for taking indecent liberties with a child is based upon the testimony of the child, the testimony must be corroborated or otherwise be clear and convincing." *People v. Taylor* (1978), 64 Ill. App. 3d 279, 281, 381 N.E.2d 303, 305.

■ Unlike in *McGrath*, the complainant here was not of tender years but was a mature 12-year-old. Unlike in *McGrath*, her testimony of the alleged assault occurring between July and November of 1984 was not contradictory or confusing, but, before giving a clear explanation of the occurrence, the complainant did indicate a difficulty in remembering the event. There was some corroboration of her allegations of this episode. Deputy Pope testified that defendant was equivocal in his denial that he had made this attack. We hold that the evidence supported this conviction.

Counts IV and V charged defendant with aggravated criminal sexual abuse in the July to November period. Count IV charged defendant with fondling the breasts of the minor, and count V charged him with fondling her genitals. The court submitted to the jury one form of verdict as to these counts. It permitted the jury to decide whether defendant was guilty of aggravated criminal sexual abuse in the July to November period. The verdict form made no reference to either the act of fondling the minor's breasts or the act of fondling her genitals as being the basis of the offense. The jury found defendant guilty of this charge, and the court entered judgment on the verdict. However, in sentencing, the court sentenced the defendant on count IV which charged fondling of the breasts. The charge of fondling the genitals was fully supported by the testimony of the minor. That event was the earliest she related, and her testimony was clear and convincing. However, there was no evidence of substance that the defendant had fondled the complainant's breasts during this time.

■ The evidence supported the conviction of the offense of abuse. If the evidence is sufficient to support any count charging a particular offense, the evidence supports a verdict convicting of that offense. Inadvertent error resulted in an inappropriate sentence on a count where the evidence failed. The appropriate remedy is to vacate the sentence imposed on that verdict and remand for resentencing.

■ Defendant's contention that he was improperly convicted of two offenses "carved" from the same act involves the relationship

between counts III and VII. (See *People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844.) Both involved the alleged occurrence on November 9 or 10, 1984. Count III charged defendant with aggravated criminal sexual assault by committing an act of sexual penetration with the victim. Count VII charged him with abuse in that he fondled her breasts. The evidence in support of the conviction indicated that defendant placed his penis in the complainant's vagina at approximately the same moment that he squeezed her breasts.

In the case of *People v. Schultz* (1979), 73 Ill. App. 3d 379, 392 N.E.2d 322, the Third District made comprehensive examination of the application of the *King* rule to situations where almost simultaneous acts in the commission of separate sex offenses are to be treated as offenses which arose from the same act and, thus, supporting only a single conviction. (See also *People v. Ford* (1980), 83 Ill. App. 3d 57, 403 N.E.2d 512.) Because of the almost simultaneous nature of defendant's alleged act of insertion and the fondling, a strong case can be made that the two acts should be treated as one under *King*. However, the contention that the two offenses arose from the same act is raised for the first time on appeal. Thus, the question is waived unless plain error resulted. *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.

The *Schultz* opinion states that in determining whether two or more almost simultaneous acts of sexual misconduct are to be treated as one act, importance is given as to whether the two or more offenses involved arose from the same section of the same statute. The opinion indicated that if the offenses were defined by different sections, the acts were less likely to be treated as one. In *Ford*, acts of sexual misconduct against the same victim but which occurred a short time later and in a different part of the house were held to be the same act even though the offenses involved arose from different statutory sections. We consider the explanation in *Schultz* to be more persuasive. Here, the alleged acts of defendant's sexual misconduct on November 9 or 10, 1984, constituted violations of different sections of the Criminal Code of 1961. Error, if any, in permitting the convictions for assault and abuse committed at that time to stand was not plain error.

■ Prior to trial, the defense filed an *in limine* motion seeking to have the court prohibit the State from introducing testimony that the complainant had complained to others, including her mother, about the times defendant had violated her. The court allowed the motion as to the complaints to others but denied the motion as to

the complaints made to the mother. Section 115—10 of the Code of Criminal Procedure of 1963 purports to permit the introduction of such evidence. It states:

> "In a prosecution for a sexual act perpetrated upon a child under the age of 13, including but not limited to prosecutions for violations of Sections 12—13 through 12—16 of the Criminal Code of 1961, the following evidence shall be admitted as an exception to the hearsay rule:
>
> (1) testimony by such child that he or she complained of such act to another; and
>
> (2) testimony by the person to whom the child complained that such complaint was made in order to corroborate the child's testimony." Ill. Rev. Stat., 1984 Supp., ch. 38, par. 115—10.

Defendant asserts that section 115—10 is unconstitutional, because it permits the introduction of irrelevant evidence, depriving the defendant of due process. He traces the history of the common law rule that evidence of a prompt complaint by a rape victim was admissible to negate the victim's consent to the intercourse. (*People v. Scattura* (1909), 238 Ill. 313, 87 N.E. 332.) The defendant then calls our attention to the decision in *People v. Romano* (1923), 306 Ill. 502, 138 N.E. 169, where the court held that the common law prompt complaint exception to the hearsay rule was not applicable to complaints by a child that indecent liberties had been taken of the child. Defendant contends that the rationale of *Romano* is that evidence of a prompt complaint by a victim is irrelevant in cases where consent is not in issue.

The important language of *Romano* is the following:

> "In rape cases, where the injured woman is a witness, it is proper for the woman to testify that she made prompt complaint concerning the outrage which had been perpetrated upon her, and it is proper to permit the person to whom she complained to give testimony that the complaint was made, but it is not proper to give any of the details of the complaint. Evidence of the complaint is admitted on the theory that the natural instinct of *a female thus outraged and injured prompts her to disclose the occurrence at the earliest opportunity* to the relative or friend who naturally has the deepest interest in her welfare, *and it is deemed relevant on the ground that it corroborates her statement that she was assaulted.* (4 Elliott on Evidence, sec. 3099; *State v. Neel*, 21 Utah, 151, 60 Pac. 510.) To be admissible the complaint must

be the spontaneous expression of her outraged feelings and not the mere recital of a past event. (*Cunningham v. People*, 210 Ill. 410, [71 N.E. 389].) Such a complaint constitutes no part of the *res gestae, nor is the evidence, when restricted to the complaint alone, hearsay. It is original evidence of a fact which is important in rape cases and which cannot be ascertained in any other way.* (I Wharton on Crim. Evidence (10th Ed.) 518; Roscoe on Crim. Evidence, 24; *People v. Mayes*, 66 Cal. 597, 6 Pac. 691, [56 Am. Rep. 126]. The rule permitting evidence of a complaint *does not extend to the crime of taking indecent liberties with a child, (People v. Scattura,* [238 Ill. 313, 87 N.E. 332]), nor to other offenses (I Wharton on Crim. Evidence [10th Ed.] 522; *Shoecraft v. State*, 137 Ind. 433, 36 N.E. 1113). *The reason for receiving such evidence is not present in cases of assault, other than rape cases.*" (Emphasis added.) 306 Ill. 502, 503-04, 138 N.E. 169, 170.

The *Romano* opinion seems to indicate that when the complainant in a rape case has testified, evidence that she made a prompt complaint is admissible because: (1) Her natural instinct to complaint promptly overcomes a hearsay objection if the testimony is limited to the fact that a complaint was made; and (2) as the evidence is corroborative of the victim's testimony it is relevant. The statement that "[t]he reason for receiving such evidence is not present in [other cases]" can as well be interpreted to mean that other cases do not present reasons for negating the hearsay objection to the testimony as to indicate that such evidence is not relevant in other cases. We are not advised of a case where the relevancy of evidence is destroyed because of its hearsay nature. Evidence of the prompt complaint of the complainant here had some probative value in corroborating her trial testimony.

The Fifth District has recently upheld the validity of section 115-10 in the face of a similar attack. (*In re R.D.* (1985), 131 Ill. App. 3d 612, 476 N.E.2d 62.) That court pointed out that in *People v. Damen* (1963), 28 Ill. 2d 464, 193 N.E.2d 25, the supreme court seemed to indicate that the prompt complaint made was for the purpose of permitting the State to negate not only an assertion that the victim consented but also a contention that no act of penetration had occurred.

The problems concerning the admission of a prompt complaint by a victim of a sex-related crime are those of hearsay rather than relevance. An accused in a criminal case has no constitutional right to be free from the hearsay evidence as long as that evidence does

not violate the right of the accused to confront the witnesses. That right is met when, as here, the complainant is present at trial, testifies, and is subject to cross-examination. The legislature can properly permit hearsay testimony under those circumstances. We agree with the Fifth District that section 115—10 meets constitutional muster when applied as here.

■ Defendant complains that the evidence of the prompt complaint of the victim here went improperly into detail of the episode on November 9 or 10, 1984. In *People v. Leamons* (1984), 127 Ill. App. 3d 1056, 469 N.E.2d 1137, we held that section 115—10 merely extended the common law prompt complaint rule to cases other than rape. Thus, evidence of a recitation of details given by the complainant is improper. We do not find the testimony of the complainant's mother to have been erroneously detailed. Furthermore, we note that the contention is raised for the first time on appeal and is, thus, waived. *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.

■ The defense asserts that the trial court erred in permitting Mrs. Boastick to twice testify that she believed her daughter's version of the events. While allowance of the testimony would have been error absent special circumstances (*People v. Bost* (1980), 80 Ill. App. 3d 933, 400 N.E.2d 734), such circumstances were present. Mrs. Boastick had testified on cross-examination that she did not originally believe her daughter. The subsequent question was proper to rehabilitate the witness.

■ Defendant raises several claims of error arising from the State's closing argument. As to most of them, no objection was made and no post-trial claim of error was raised. Defendant requests that we consider the cumulative impact of his claims. We do not find substance in these claims whether considered separately or cumulatively. See *People v. Lindgren* (1982), 111 Ill. App. 3d 112, 443 N.E.2d 1129.

As we have indicated, we affirm all convictions and all sentences except the sentence on the conviction for aggravated criminal sexual abuse covering the period from July to November 1984. That sentence is vacated. The case is remanded for resentencing on that conviction.

Affirmed in part, sentence vacated, cause remanded for resentencing.

McCULLOUGH, P.J., and SPITZ, J., concur.