131 Ill. App.3d 612 (1985)
476 N.E.2d 62
In re R.D., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
R.D., Respondent-Appellant.
No. 5-83-0340.
Illinois Appellate Court  Fifth District.
Opinion filed March 14, 1985.
*613 Randy E. Blue and John R. Abell, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.
John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Karen L. Stallman, all of State's Attorneys Appellate Service Commission, of counsel), for the People.
Judgment affirmed.
JUSTICE KARNS delivered the opinion of the court:
Respondent, a minor, was charged with sexual abuse of a child by a family member in violation of section 11-11.1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 11-11.1). On petition by the State, R.D. was adjudged delinquent in a juvenile court proceeding in St. Clair County and was sentenced to two years' probation.
The complainant in the case was R.D.'s six-year-old sister, Angie. She testified that on the evening of April 5, 1983, her brothers, K.J. and the respondent, were babysitting her and her sister, Anna. After the boys put Anna to bed, R.D. instructed Angie to go to his bed. She complied and removed her clothing at his further instruction. With the aid of male and female dolls, Angie described the alleged sexual act through demonstration. She was not penetrated, but R.D. ejaculated a "yellow" substance after rubbing his penis between her legs from behind. Upon her mother's arrival, Angie told her that R.D. had "screwed" her.
The respondent denied the occurrence. He testified that he and his brother lay in bed with the little girls to calm them down, and that he spanked both of them when they wouldn't go to sleep. He testified that Angie came out of the bedroom wanting to watch "Soap" and began crying when he told her to go to bed and spanked her. She was still crying from this incident when their mother returned home.
Laura Lindberg, a registered nurse, was called by the State. She testified that she examined Angie on the afternoon of April 5, 1983, upon a report of sexual abuse. She observed that Angie had a vaginal discharge and a somewhat stretched vaginal opening for her age. Over objection, Ms. Lindberg related what Angie told her about the evening before. In summary, Angie said that R.D. ordered her to bed with physical threats, that when he told her to remove her panties she asked him if they were "going to do what we've done before," and that he rubbed his penis "back and forth and back and forth" between her rectum and her vagina. Angie also said that the same thing *614 had occurred "a lot of times" in the past.
Officer Mark Cronovich investigated the abuse report. He testified that when he interviewed Angie she related the same basic facts to him as she had to an officer who had taken an earlier written statement. Cronovich was not permitted to testify further concerning Angie's interview.
Conrad Williams, an investigator for the Department of Children and Family Services, interviewed Angie on the morning of April 5. Over respondent's continuing objection, Mr. Williams related the substance of his interview with Angie concerning the alleged abuse incident. Angie told him that the evening before, R.D. was babysitting the younger children and that he had Angie get in his bed, take off her pajama bottoms and panties, and then "screwed" her. He did not interview her further or inquire into the specific meaning behind Angie's use of the term "screw."
 1 R.D. appeals from the adjudication of delinquency asserting that the admission of the hearsay testimony of Lindberg and Williams constituted reversible error.
Section 115-10 of the Criminal Code of 1963 provides:
"In a prosecution for a sexual act perpetrated upon a child under the age of 12, including but not limited to prosecution for violation of Sections 11-1 through 11-5 of the Criminal Code of 1961, the following evidence shall be admitted as an exception to the hearsay rule:
(1) testimony by such child that he or she complained of such act to another; and
(2) testimony by the person to whom the child complained that such complaint was made in order to corroborate the child's testimony." (Ill. Rev. Stat., 1982 Supp., ch. 38, par. 115-10.)
R.D.'s first contention is that the statute unconstitutionally deprived him of due process. We find this argument totally lacking in merit. The gist of respondent's empty challenge is that the corroborative complaint exception codified in section 115-10 was formulated solely for cases where consent is an issue. Because consent is never at issue in child sexual abuse cases, argues respondent, there is no need for corroborative hearsay testimony that a complaint was made, and therefore the statutory hearsay exception is fundamentally unfair. Our search of the law has yielded no support for this argument. The policy behind the corroborative complaint exception is not limited in the manner described by defendant. In People v. Fuelner (1982), 104 Ill. App.3d 340, 432 N.E.2d 986, the court aptly explained the basis for *615 the rule, as clarified in People v. Damen (1963), 28 Ill.2d 464, 193 N.E.2d 25:
"The basis for the corroborative statement exception is that it is entirely natural that a rape victim would have spoken out regarding the rape, and the fact that she did not do so would be evidence of the fact that nothing occurred. [Citation.] Consequently, if proof of a complaint was not permitted, the trier of fact might assume that no complaint was made. To forestall this assumption, the prosecution is allowed to show that the alleged victim was not silent but made a complaint. [Citation.]" (People v. Fuelner (1982), 104 Ill. App.3d 340, 349-50, 432 N.E.2d 986, 993-94.)
Moreover, the statute is a codification of existing law firmly entrenched since Damen, and we cannot say that it was incorrectly applied in the instant case.
 2 Secondly, R.D. argues that the scope of the statutory exception was impermissibly exceeded when Lindberg and Williams were permitted to offer details of the alleged sexual activity described by Angie. We agree that the court should have excluded the descriptive testimony and confined the hearsay statements to simple corroboration of the child's complaint. However, no prejudicial error occurred, because the facts introduced in the testimony of Lindberg and Williams were established by the testimony of Angie, who was present in court and subjected to cross-examination. People v. Robinson (1978), 73 Ill.2d 192, 383 N.E.2d 164; People v. Leggans (1980), 80 Ill. App.3d 51, 399 N.E.2d 349.
 3 Respondent insists that the erroneous admission of the hearsay statements cannot be considered harmless because the court placed heavy emphasis on the corroborative testimony in its decision. This position is untenable, as the record yields sufficient, competent evidence establishing R.D.'s guilt beyond a reasonable doubt, and reversal is therefore not required. People v. Chianakas (1983), 114 Ill. App.3d 496, 448 N.E.2d 620.
Affirmed.
JONES, P.J., and KASSERMAN, J., concur.