THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES C. GOEBEL, Defendant-Appellant.

Second District   Nos. 2—85—0922, 2—85—0923 cons.

Opinion filed September 28, 1987.

G. Joseph Weller and Patrick M. Carmody, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers and Dale M. Wood, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

Defendant, James Goebel, appeals from convictions in two cases which have been consolidated on appeal. In the first case (No. 85 CF 546), defendant was indicted for two counts of criminal sexual abuse (Ill. Rev. Stat. 1985, ch. 38, pars. 12—15(a)(1), (b)(1)), one count of unlawful restraint (Ill. Rev. Stat. 1983, ch. 38, par. 10—3(a)), and two counts of battery (Ill. Rev. Stat. 1983, ch. 38, pars. 12—3(a)(1), (a)(2)). A jury found him guilty of one count of criminal sexual abuse and one count of battery. In the other case (No. 85 CF 505) defendant was charged by indictment with aggravated criminal sexual abuse (Ill. Rev. Stat. 1985, ch. 38, par. 12—16(c)(1)) and found guilty following a bench trial. At a consolidated sentencing hearing defendant was sentenced to a six-year prison term in No. 85 CF 505, and a nine-month prison term in No. 85 CF 546, with the sentences to run concurrently. Defendant contends that the admission of a corroborative complaint constituted reversible error in both cases and that he was not proved guilty beyond a reasonable doubt in either case.

The testimony in No. 85 CF 546 revealed that defendant was engaged as a substitute literature teacher by Waukegan East High School during the month of February 1985. Complainant was a 14-year-old female ninth grader in the class taught by defendant. According to complainant's direct testimony, one day as she was leaving the classroom defendant suggested that they do something together sometime. She declined. The next day defendant asked her, within earshot of other students, if she had a boyfriend and how many. After class she asked defendant not to say such things to her. On the third day complainant was still completing her work when the bell rang for the change of classes. The other students left the room. Complainant told her friend, Judy, not to wait for her so Judy would not be late for her next class. Judy left and closed the classroom door behind her. When complainant started to put her workbook into a cabinet near defendant's desk, defendant came up behind her and began to rub her shoulders. She tried to push his hands away. As complainant reached up to place her books on the shelf, defendant reached around, underneath her arms, and squeezed her breasts. Complainant testified that she told defendant to stop, pushed him away, and threatened to inform on him. He, in turn, threatened to harm complainant's little sister. Complainant returned to her desk and sat down to get her books from beneath the desk. Defendant grabbed her leg above the knee. As complainant got up and started to flee the room defendant grabbed her by the shoulders and kissed her on the neck. Once again complainant pushed him away and ran out of the classroom. Complainant revealed the incident to her school counselor, Rita Melius, sometime the following April after she found out defendant was in jail.

On cross-examination complainant admitted that she never told her friend, Judy, or her family, about the incident with defendant and that she continued to go to literature class even though defendant was still teaching. She also indicated that she did not immediately bolt from the room when defendant first touched her and that she did not scream for help. However, she did insist that she told defendant to stop in a "pretty loud" voice and that she broke away from him and ran out of the room when he grabbed her by the shoulders and kissed her neck.

Defense counsel confronted complainant with apparently inconsistent statements regarding the incident that she had given to an investigator for defendant prior to trial. Most notably, when the investigator had asked if defendant had brushed her chest with the back of his hand, complainant responded affirmatively. She had given a negative reply to the further question of whether defendant touched her with

the front of his hand. On redirect examination complainant indicated that she considered the palm to be the back of her hand and the side opposite the palm to be the front of her hand. Complainant also testified on redirect that she had not told anyone about the incident before she told her counselor because she was afraid for her sister.

Testimony offered in defendant's case indicated that during the five-minute period between classes the hallway is crowded with students walking back and forth and that the upper one-third of the door of the room where defendant was teaching was glass. The court reporter who had been present during the interview of complainant by defendant's investigator testified that when complainant said defendant brushed her with the back of his hand, she had physically indicated that defendant used the knuckle side of his hand. Defendant denied complainant's allegations.

The jury found the defendant guilty of one count of battery and one count of criminal sexual abuse. The State then decided to try defendant in No. 85 CF 505 before proceeding to sentencing.

The complainant in No. 85 CF 505 was a nine-year-old, third-grade girl. Defendant had been a substitute teacher in her science class on April 12, 1985. The class was using straws and straight pins to make certain shapes during that particular class. Complainant testified that defendant complimented her on the earrings she was wearing. Later, complainant went to the supply table for more straws and pins. When she walked back down the aisle between the worktables to her seat, defendant was walking toward her. As they passed in the aisle defendant extended his arm and brushed the palm of his hand against her breasts. Nothing was said and defendant continued down the aisle while complainant returned to her seat. Complainant demonstrated the touching with boy and girl dolls and also showed defendant's arm movement with her own arm. Finally, complainant indicated that she told Tracy Raasch about the incident. Ms. Raasch, a victim advocate for the Waukegan police department, had given a presentation on child sexual abuse prevention to complainant's class.

On cross-examination defense counsel focused on differences between complainant's trial testimony and information she had previously given to the police as reflected in the police report. Complainant was also questioned regarding the presentation given by Tracy Raasch and indicated that Raasch had talked to the students about "Stranger Danger" and explained that if someone touched them they should tell their parents. In response to defense counsel's questioning, complainant said that Raasch had mentioned that other kids had told about defendant touching them and that if they, themselves, had been

touched they could tell her about it privately. Subsequently, complainant met with Raasch in the hall and told her about the incident with defendant.

Tracy Raasch testified that she had given a presentation at complainant's school on April 17 and 18, 1985, in which she explained that the touching of a child's private parts by another person is a bad touch. During the presentation she displayed a poster depicting children in bathing suits and described the areas covered by the swimsuits as private parts. Raasch indicated that she never mentioned defendant by name during the presentation but that his name could have been brought up by the children.

Defendant denied complainant's allegations and noted that the aisle where the incident allegedly occurred was only two to three feet wide.

The court found defendant guilty of aggravated criminal sexual abuse. Defendant's post-trial motions were denied. Following a consolidated sentencing hearing, defendant was sentenced to nine months in prison in No. 85 CF 546 and six years in prison in No. 85 CF 505. Defendant has appealed both convictions.

Defendant contends that reversible error occurred in No. 85 CF 546 when the testimony of Rita Melius, the complainant's high school counselor, was admitted into evidence. Melius testified that complainant came to her office and reported the incident with defendant approximately two months after it occurred. Defendant characterizes this testimony as irrelevant and inadmissible hearsay. Upon review of the record and the applicable law, we are persuaded that the challenged testimony should not have been admitted.

Early case law created an exception to the hearsay rule which permitted a victim of rape to testify that she had promptly complained of the assault to another person. This corroborative complaint exception also allowed the person to whom the complaint was made to testify to the fact, but not the substance, of the complaint. (*People v. Damen* (1963), 28 Ill. 2d 464, 472-74, 193 N.E.2d 25; *People v. Romano* (1923), 306 Ill. 502, 503-04, 138 N.E. 169.) The exception did not apply to the crime of taking indecent liberties with a child. *People v. Romano* (1923), 306 Ill. 502, 504, 138 N.E. 169.

The Illinois legislature modified the common law rules when it adopted section 115—10 of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 115—10), which states:

> "In a prosecution for a sexual act perpetrated upon a child under the age of 13, including but not limited to prosecutions for violations of Sections 12—13 through 12—16 of the Criminal

Code of 1961, the following evidence shall be admitted as an exception to the hearsay rule:

(1) testimony by such child that he or she complained of such act to another; and

(2) testimony by the person to whom the child complained that such complaint was made in order to corroborate the child's testimony."

Through section 115—10 the corroborative complaint hearsay exception was extended to sex offense prosecutions involving complainants under 13 years of age. *People v. Powell* (1985), 138 Ill. App. 3d 150, 159, 485 N.E.2d 560.

The parties do not dispute that section 115—10 is not applicable to the case at bar since the complainant was 14 years old at the time of the alleged incident and section 115—10 applies to children under the age of 13. It is defendant's position that the common law prohibition on admission of corroborative complaint evidence in indecent liberties cases is controlling and that Melius' testimony should, therefore, have been barred. The State, on the other hand, suggests that we should hold that the distinction between corroborative evidence in rape cases and child sex cases has been abolished. This we decline to do.

Section 115—10 originally became effective in January 1983 and applied to statutory sex crimes against children, including indecent liberties with a child. The indecent liberties offense, along with rape and others, however, was subsequently repealed (Ill. Rev. Stat. 1961, ch. 38, par. 11—4 (repealed 1984)) and recodified as part of new sections 12—13 through 12—16 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, pars. 12—13 through 12—16). The new sections comprise a comprehensive set of sex crimes characterized by bodily harm and include offenses against both children and adults. Section 115—10 was amended at the same time to reflect its applicability to the new provisions. It is clear from this history that the common law rules regarding corroborative complaint evidence have been altered only by section 115—10. While this section extended the scope of the hearsay exception, it just as clearly limited that extension to the group of children under 13 years of age. Thus, while the common law exception remains available to rape victims, it is not applicable in situations which once would have been indecent liberties cases *unless* the complainant is under the age of 13. The statute existing prior to July 1, 1984 (the date the new sex crimes laws became effective), reflects that indecent liberties could be taken with a child under 16 years of age. (Ill. Rev. Stat. 1983, ch. 38, par. 11—4.) Accordingly, the common

law hearsay exception would not be applicable to children under 16 years of age and is not available to the 14-year-old complainant in the instant case.

While it may be that the legislature wished to extend the benefits of the corroborative complaint exception to all cases which would formerly have been prosecuted under the indecent liberties statute, it did not do so despite ample opportunity to consider its actions. It is worthy of note that when section 115—10 was first adopted it applied to children under 12 years of age. (Ill. Rev. Stat. 1983, ch. 38, par. 115—10.) At the time the section was amended to bring it into harmony with the new sex offense provisions, it was also amended to apply to children under the age of 13. (Ill. Rev. Stat. 1985, ch. 38, par. 115—10.) In spite of obvious reconsideration, the legislature increased the age range covered by the statute by only one year. We acknowledge that, with the exception of rape cases, the system now in place deprives children between the ages of 13 and 15 of any benefit of the corroborative complaint hearsay exception. However, we must abide by the plain language of the statute. While words in a statute may be altered to effectuate the legislative intent, it is not the function of this court to broaden the meaning of the statute by adding language aimed at correcting any suspected omission or defect. (*Board of Education v. Regional Board of School Trustees* (1985), 135 Ill. App. 3d 486, 492, 481 N.E.2d 1266.) The corroborative testimony of Rita Melius should not have been admitted.

Admission of the improper evidence cannot be characterized as harmless. The case turned on the respective credibility of the complainant and defendant. Outside of Melius' testimony, the State did not present an overwhelming amount of evidence to corroborate complainant's allegations. Thus, the corroborative complaint evidence may have improperly bolstered complainant's credibility to the prejudice of defendant.

We are not persuaded by the State's argument that the challenged testimony was admissible under an exception to the general rule that evidence of prior statements consistent with trial testimony is not admissible for the purpose of corroborating trial testimony. (*People v. Clark* (1972), 52 Ill. 2d 374, 389, 288 N.E.2d 363.) The State relies on an exception which allows evidence of prior consistent statements to rebut a charge or inference that a witness was motivated to give false testimony or that his testimony was recently fabricated. To invoke the exception successfully it must be shown that the witness told the same story prior to the existence of the motive or prior to the time of the alleged fabrication. (52 Ill. 2d 374, 389, 288 N.E.2d 363; *People v.*

*Woith* (1984), 126 Ill. App. 3d 817, 823, 467 N.E.2d 614.) We do not find the exception applicable to the instant case.

Defense counsel did not endeavor to show a motive on the part of complainant to testify falsely. The State cites counsel's questions regarding complainant's grades as an attempt to infer a motive. The questions, however, were very general and not related in any way to defendant or the class in which he taught complainant. Questions regarding reprimands were tied to defendant but were asked as part of a long series of questions as to whether or not complainant remembered the day of the week or time of the month the incident occurred. They appeared to be part of an attempt to discredit complainant's ability to recall rather than to focus on a motive to lie. Also, in closing argument defense counsel specifically avoided assigning any sort of motive for fabrication. She repeatedly told the jury that she did not know and would not guess why complainant might have made up her testimony and that it was not the jury's job to figure that out, either. This record does not indicate that the defendant focused on a motive for complainant to testify falsely.

Nor is there any indication that defendant tried to show recent fabrication by complainant. Unquestionably, defense counsel produced evidence and argued that complainant had made up her testimony. However, the record is devoid of evidence meant to show when the story was made up or even that it was made up at any specific time. Thus, the State could not, and in fact did not, show that complainant's prior consistent statement was made before the time of the alleged fabrication.

In the absence of charges by defendant either that complainant was motivated to testify falsely or that she recently fabricated her testimony, there was nothing for the State to rebut, and evidence of her prior consistent statements was not admissible under the exception asserted by the State. (*People v. Clark* (1972), 52 Ill. 2d 374, 288 N.E.2d 363.) Admission of Melius' testimony was error and cause for reversal.

The defendant also contests the sufficiency of the evidence finding him guilty beyond a reasonable doubt. He argues that the complainant waited for two months to report the incident and that her testimony was impeached, inconsistent, and improbable. In accord with the mandate of *People v. Taylor* (1979), 76 Ill. 2d 289, 391 N.E.2d 366, we have reviewed the evidence presented at trial and find that it was sufficient to allow the jury to conclude that defendant was guilty beyond a reasonable doubt of the offenses for which he was charged. This finding protects the defendant from the risk of be-

ing subjected to double jeopardy. It does not in any way imply a finding as to defendant's guilt or innocence which would be binding on retrial.

■■ We turn now to No. 85 CF 505, in which defendant was convicted of aggravated criminal sexual abuse. Defendant contends that the testimony of Tracy Raasch, a victim advocate for the police department, was improperly admitted. Raasch testified that complainant told her about the incident with defendant five days after it happened.

Defendant does not object to the admission of the corroborative complaint evidence in and of itself because the complainant in this case was only nine years old. Children under the age of 13 are entitled to the benefit of such evidence pursuant to the hearsay exception created by section 115—10 of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 115—10), which is set forth above. Rather, defendant asserts that section 115—10 is a codification of the common law hearsay exception allowing corroborative complaint evidence in rape cases and, as such, is subject to the same limitations as the common law exception.

The specific limitations defendant invokes mandate that the complaint be made promptly and that it be made spontaneously rather than in response to questions. (*People v. Damen* (1963), 28 Ill. 2d 464, 472-73, 193 N.E.2d 25.) Defendant argues that the five-day delay in reporting the incident now before us violated the promptness requirement and that the complaint was not spontaneous but made only in response to questions posed to complainant by Raasch. We do not think defendant's position can be supported.

In *People v. Salas* (1985), 138 Ill. App. 3d 48, 485 N.E.2d 596, this court held that the promptness requirement of the common law hearsay exception was not incorporated into the statutory exception created by section 115—10. We found the language of the statute to be clear and unambiguous in its direction that testimony that the child complained about the sexual act "shall be admitted." We also noted the absence of a requirement that there be no undue delay and concluded that it was the intent of the legislature that delay in making the complaint should affect the weight, rather than the admissibility, of corroborative complaint evidence. The reasoning of *Salas* remains sound and controls the case at bar.

We are not dissuaded from our interpretation of section 115—10 in *Salas* by defendant's assertion that two other districts of the appellate court have reached a contrary interpretation of the section. Neither *In re R.D.* (1985), 131 Ill. App. 3d 612, 476 N.E.2d 62, a Fifth District case, nor *People v. Powell* (1985), 138 Ill. App. 3d 150, 485 N.E.2d 560, from the Fourth District, raised the promptness issue

which is now before us. The court in *R.D.* referred to the statute as a codification of the prompt complaint exception only to make the point that the exception had not been limited at common law to cases where consent was an issue. Codification was discussed in *Powell* only in the context of an explanation that while section 115—10 extended the common law exception to cases involving children under age 13, it did not expand the exception to allow persons other than the victim to testify as to all the details of the complaint. Since neither *R.D.* nor *Powell* addresses the relationship between the common law promptness requirement and the language of section 115—10, those cases have no bearing on our decision in *Salas*. It was not necessary that the complaint in the instant case be made more promptly than it was in order to be admissible.

■ Defendant's second objection to the corroborative complaint is that it lacked spontaneity, coming only after Raasch had made a presentation on child sexual abuse, after defendant's name had been used, and after the children had been encouraged to tell if they had been abused. It is also asserted that complainant spoke up in response to questions from Raasch. We do not believe that either Raasch's presentation or her questions were sufficient to destroy the spontaneity of the instant complaint.

The record indicates that the presentation itself was general in nature and meant to make the children knowledgeable and alert about abuse so they could better protect themselves. While defendant's name and activities evidently were discussed, Raasch testified that it was not she who brought up the subject. Rather, she recalled that the children themselves initiated questions and remarks regarding defendant. There is no evidence that Raasch directed her comments or encouragement to any one student or otherwise attempted to focus on any of them individually during the presentation. She indicated to them that if they wanted to talk to her she would see them privately in the hall. Complainant was never singled out. It was she who went to Raasch in the hall, not vice versa, and it was only after this approach that Raasch asked questions. Merely because a complaint is made in response to questions does not necessarily mean that it is inadmissible under prior law or section 115—10. (*People v. Server* (1986), 148 Ill. App. 3d 888, 900, 499 N.E.2d 1019.) In *Server*, it was noted that Illinois courts frequently admit corroborative complaint testimony of nurses, police officers, and social workers, all of whom ask questions of sexual abuse victims. (*People v. Powell* (1985), 138 Ill. App. 3d 150, 485 N.E.2d 560; *In re R.D.* (1985), 131 Ill. App. 3d 612, 476 N.E.2d 62.) Since Raasch's presentation was not directed specifi-

cally toward complainant and she asked questions only after complainant approached her, we conclude that the complaint was sufficiently spontaneous to fall within either the common law hearsay exception or section 115—10.

■■■ Finally, we consider defendant's contention that he was not proved guilty beyond a reasonable doubt in No. 85 CF 505. He asserts that complainant's testimony was vague, impeached, and inconsistent and that no evidence was introduced to show that he intended to arouse himself sexually as required by the statute. Our review of the record persuades us otherwise.

A court of review should not interfere with the trier of fact's task of determining the credibility of witnesses and assessing the evidence presented. (*People v. Morgan* (1986), 112 Ill. 2d 111, 136, 492 N.E.2d 1303.) Where the testimony of the complaining witness is clear and convincing or is independently corroborated, a court of review will not overturn a finding of guilty unless the evidence is so palpably contrary to the finding or so unreasonable and improbable as to cause reasonable doubt of defendant's guilt. (112 Ill. 2d 111, 136, 492 N.E.2d 1303; *People v. Reese* (1973), 54 Ill. 2d 51, 58, 294 N.E.2d 288; *People v. Nelson* (1986), 148 Ill. App. 3d 811, 821, 499 N.E.2d 1055.) While the testimony of the complaining witness in a child sex case must be clear and convincing or substantially corroborated when conviction depends on that testimony, such testimony need not be crystal clear or perfect in order to be clear and convincing. (*People v. Powell* (1985), 138 Ill. App. 3d 150, 156, 485 N.E.2d 560.) We find the evidence in the case before us sufficient to sustain the conviction of defendant.

■■ Defendant points to inconsistencies between complainant's testimony on cross-examination and her report to the police as to when defendant put his arm around her. While complainant admitted she was unsure of when it occurred, she never retracted her testimony that, at some point, he did put his arm around her. Defendant also stresses the impeachment of complainant by inconsistencies as to where in the classroom, on what part of her body, and by what part of defendant's hand she was touched. Again, however, complainant never waivered as to the basic allegations that, while both she and defendant were in the classroom, defendant touched her somewhere on one of her breasts with the front of his outstretched hand. The consistency of complainant's testimony on these matters takes on particular significance in light of the intensive and probing cross-examination to which that testimony was subjected—a cross-examination which included still another consistent physical demonstration by com-

plainant, with the aid of defense counsel, of defendant's arm and hand movement during the touching.

Defendant makes much out of the fact that complainant referred to the touch as a "brush" or a "soft brush" and suggests that it may have been an inadvertent touching. This suggestion ignores complainant's consistent testimony that the touching was done with some part of the front of defendant's hand on some area of complainant's breast. In order to touch complainant's body in this particular manner, defendant would have had to deliberately extend and turn the front of his hand toward her. That complainant referred to the touch as a "brush" does not render it less deliberate.

The next suggestion made by defendant is that the "hysteric atmosphere" in which the complaint was made might imply that complainant made up the incident or misconstrued an inadvertent brush to be improper behavior. While we do not doubt the children were aware of something occurring which involved defendant, the sense of "an hysteric atmosphere" is not conveyed to us by the record. Moreover, the essential aspects of complainant's testimony were sufficiently clear and consistent not only to belie the suggestion of fabrication or fantasy but also to be persuasive that the touching did not occur accidentally.

Not only was complainant's oral testimony persuasive in terms of detail and consistency, but also she was able to demonstrate the touching on anatomically correct dolls as well as on her own body and to recreate defendant's arm and hand movement on both direct and cross-examination. Furthermore, as we have already noted, complainant's testimony was corroborated by the properly admitted testimony of Tracy Raasch.

As for the claim that defendant's intent was not proved, we agree with the trial court that it was sufficient to consider the circumstances and facts and infer defendant's intent from his conduct. (See *People v. Collins* (1978), 63 Ill. App. 3d 843, 848-49, 380 N.E.2d 858.) As we noted above, it would require a deliberate outstretching and turning movement of, at the very least, defendant's hand, in order to touch complainant anywhere on the front of her body. Moreover, the touching in this case was not applied just anywhere to complainant's body but specifically to her breast. We find it thoroughly reasonable to infer from such touching of a nine-year-old girl that defendant intended to gratify or arouse himself sexually. Intent to arouse or satisfy sexual desires may be established by circumstantial evidence. *People v. Allison* (1983), 115 Ill. App. 3d 1038, 1043, 452 N.E.2d 148.

On this record we cannot say that the evidence is so palpably con-

trary to the trial court's finding or so unreasonable and improbable as to cause reasonable doubt that defendant is guilty of aggravated criminal sexual abuse. *People v. Morgan* (1986), 112 Ill. 2d 111, 136, 492 N.E.2d 1303.

As a final matter we note that defendant has requested that, in the event relief is granted in No. 85 CF 546, he be granted a new sentencing hearing in No. 85 CF 505 since the conviction in No. 85 CF 546 was used as aggravation in the consolidated sentencing hearing. Defendant cites no authority as a basis for his request.

■■■ While it is true that it is not proper for a sentencing judge to consider prior convictions subsequently reversed as factors in aggravation in fashioning a proper sentence (*People v. Tucker-El* (1984), 123 Ill. App. 3d 955, 962, 463 N.E.2d 991; *People v. Coty* (1982), 105 Ill. App. 3d 398, 400, 434 N.E.2d 432), it is also true that evidence of criminal conduct may be introduced at sentencing hearings, even though prosecution and conviction have not resulted from that misconduct, as long as the sentencing judge exercises care to determine the relevance and insure the accuracy of the information considered. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 494-99, 431 N.E.2d 344; *People v. Griffiths* (1983), 112 Ill. App. 3d 322, 331, 445 N.E.2d 521.) In the line of cases represented by *Tucker-El* and *Coty*, defendants' prior convictions occurred before the start of the criminal proceedings in those cases. The trial courts' consideration was, therefore, limited to the fact of conviction. Where reversal had occurred, there was no relevance to the fact of conviction. In the case at bar, however, it is our opinion that what the trial court heard was relevant, accurate evidence of criminal conduct which resulted in prosecution and may or may not result in conviction.

In *People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344, the court noted that the information challenged there had been presented in the form of sworn testimony, presented in open court, and subjected to cross-examination. Such information appeared to be trustworthy. Thus, its consideration by the trial court for purposes of sentencing was not error. Likewise, in the instant case, the information learned about defendant in No. 85 CF 546 came in the form of sworn trial testimony which was subjected to extensive cross-examination, as well as all other trial safeguards of the truth. The trial court had good reason to believe the information was trustworthy and accurate. The information was also relevant to determination of the proper sentence since it bore directly on the issue of whether or not defendant was likely to commit similar offenses in the future.

■■■ The trial judge was not considering merely the fact of con-

viction in No. 85 CF 546. Rather, he was considering evidence of criminal conduct by defendant. Since the evidence was reliable, it was proper for him to consider it along with any other information he had about defendant. Reversal of the conviction in No. 85 CF 546 does not render the evidence presented there unreliable and does not require a new sentencing hearing in No. 85 CF 505.

For the reasons set forth above the conviction in No. 85 CF 505 for aggravated criminal sexual abuse is affirmed. The conviction in No. 85 CF 546 for criminal sexual abuse is reversed, and the cause is remanded for a new trial.

Affirmed in part; reversed and remanded in part.

NASH and DUNN, JJ., concur.