THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MICHAEL WOLFE, Defendant-Appellee.

Third District   No. 3—88—0124

Opinion filed November 23, 1988.

James T. Teros, State's Attorney, of Rock Island (Walter P. Hehner, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Dean L. Sutton, of Lytton & Lytton, of East Moline, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Michael Wolfe, was charged with the aggravated criminal sexual abuse of a five-year-old girl (Ill. Rev. Stat. 1987, ch. 38, par. 12—16(c)(1)). The trial court subsequently ruled that the child was not competent to testify. The court further found that the State could introduce hearsay statements allegedly made by the girl to her father only if the State could corroborate the statements.

The State appeals, arguing first that the trial court erred in finding the complainant incompetent to testify.

The record of the February 8, 1988, competency hearing shows that the complainant knew that she was five years old and that her birthday was in November, but did not know the day of her birth. She could not recall whether she had had a party on her last birthday, nor could she remember what she had done at Christmas. She knew she lived in Illinois, but she did not know the name of the town. She knew the name of her school, but she could not recall how long she had attended it. While she expressed initial confusion as to what it means to tell the truth, she later gave correct examples of truthfulness and lying.

The competency of a minor to testify must be judged on whether she is sufficiently mature to (1) receive correct impressions from her senses; (2) recollect those impressions; (3) understand questions and narrate answers intelligently; and (4) appreciate the moral duty to tell the truth. (*People v. Sanchez* (1982), 105 Ill. App. 3d 488, 434 N.E.2d 395.) The trial court's ruling on the competency of a witness to testify will be overturned only if there is a manifest abuse of discretion or if a legal principle was manifestly misapprehended. (*People v. Ballinger* (1967), 36 Ill. 2d 620, 225 N.E.2d 10.) Based on the record before us, we conclude that the trial court's finding the minor incompetent to testify was not against the manifest weight of the evidence.

The State's second argument on appeal is that the trial court erred in excluding the complainant's father's testimony concerning statements the complainant made.

At the hearing on this matter, the father testified that the defendant's wife, Colleen, regularly baby-sat for the complainant. In particular, on Friday, October 2, 1987, Colleen baby-sat for the complainant. Thereafter, the complainant behaved normally until Sunday night, October 4, when she told her father that she had something to tell him, but that she did not want to get a spanking. According to her father, she then told him that on several occasions the defendant had had her play with his "burger." She indicated that a "burger" was a penis. Although the complainant could not set a specific time for the alleged incidents, the father concluded from subsequent discussions with her and other people that there was a good possibility that they had last occurred on October 2, 1987.

The trial court ruled that admission of the father's testimony was subject to the requirements of section 115—10 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 115—10). Section 115—10 states in pertinent part that in a prosecution for a sexual act perpetrated upon a child under the age of 13, testimony of

an out-of-court statement made by the child regarding any act which is an element of the offense is admissible if the child testifies at the proceeding or if there is corroborative evidence of the act which is the subject of the statement. (Ill. Rev. Stat. 1987, ch. 38, par. 115—10.) Since the trial court had found the complainant incompetent to testify and the State had no evidence to corroborate the father's hearsay testimony, the effect was to exclude the evidence. Although the State argued in the trial court that the testimony in question was admissible as a spontaneous declaration, the trial court apparently believed that admission of a spontaneous declaration was also governed by section 115—10's corroborating evidence requirement.

In *People v. Damen* (1963), 28 Ill. 2d 464, 193 N.E.2d 25, the Illinois Supreme Court noted that spontaneous declarations and corroborative statements are distinct exceptions to the rule against hearsay evidence. The appellate court in *In re R.D.* (1985), 131 Ill. App. 3d 612, 476 N.E.2d 62, held that section 115—10 of the Code of Criminal Procedure codifies the corroborative statement exception. We find no indication that in section 115—10 the legislature also intended to restrict the admission of spontaneous declarations. Further, we find no other requirement of corroboration for admission of a spontaneous declaration. Accordingly, if the complainant's statements qualify as spontaneous declarations, they may be admitted into evidence without corroboration.

The record shows that at least two days passed between the complainant's last contact with the defendant and her statements to her father that the defendant had molested her. Elapsed time alone does not control the admissibility of a statement as a spontaneous declaration; the critical factor is the opportunity to fabricate, in view of whether the surrounding circumstances created the opportunity for reflection and invention. (*People v. Bitler* (1986), 146 Ill. App. 3d 477, 497 N.E.2d 137.) The trial court made no finding on this issue and it is unclear from the record whether there was an opportunity to fabricate. We therefore remand the cause with instructions for the trial court to determine in light of *Bitler* whether the complainant's statements are admissible as spontaneous declarations.

The judgment of the trial court is affirmed in part, reversed in part and remanded for further proceedings consistent with our findings.

Affirmed in part; reversed in part and remanded.

BARRY and WOMBACHER, JJ., concur.