THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
HOWARD BAILEY, Defendant-Appellant.
Fourth District   No. 4—88—0244

Opinion filed December 28, 1988.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Larry R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant was charged by information with two counts of aggravated criminal sexual abuse involving two victims, D.G. and C.C., both minor female children, ages eight and seven, respectively. (Ill. Rev. Stat. 1987, ch. 38, par. 12—16(c)(1).) The first count as to C.C. was dismissed by the circuit court of Macon County on motion by the defense for a directed verdict. Following the bench trial, the trial court entered a judgment of conviction on the remaining count as to D.G. and sentenced defendant to 36 months' probation and 6 months in the county jail as a condition of probation. Defendant appeals arguing the repeated introduction of testimony corroborating the victim's complaint was reversible error when the State failed to introduce evidence explaining why the child's complaints were not promptly made. We affirm.

On September 2, 1987, the defendant, Howard Bailey, was charged by information which, in part, alleged he committed an act of sexual conduct with D.G., who was under 13 years of age when the act was committed, in that he intentionally fondled the buttocks of the girl for the purpose of his sexual arousal.

At a bench trial on January 6, 1988, the complainant D.G. testified that on August 24, 1987, she visited the home of defendant with her sister, two cousins, and a friend. The children played hide and seek with defendant and his daughter.

D.G. explained that when she and defendant were alone in his bedroom while the other children were "hiding," defendant kissed her, felt her buttocks, held her hand, and "tried to put it on his privacy." D.G. said defendant told her not to tell anyone what he had done. After hide and seek, the children went to the store to get defendant some bread, but D.G. stayed at the house. D.G. testified that after the children left, defendant took her up to his room, laid down on the bed, and bounced her up and down on his stomach. Both D.G. and defendant were fully clothed.

D.G. indicated because she was scared it was not until several days after the incident that she told her mother, Janet Green, about defendant's conduct. Shortly thereafter, D.G. also complained to a police officer. Defendant did not object to the content of the girl's testimony.

D.G.'s cousin, C.C., testified when she was alone with defendant while the children were playing hide and seek, he touched her on the breasts, put her hand on his "privacy," tried to get on top of her and tried to kiss her. Defendant told her not to tell anybody what had happened.

D.G.'s mother testified D.G. told her the events which transpired at defendant's house several days after they occurred on August 24, 1987. Defendant made a hearsay objection. The State indicated the testimony was being offered under the corroborative complaint statute as contained in the Code of Criminal Procedure of 1963 (Code). (Ill. Rev. Stat. 1987, ch. 38, par. 115—10.) The testimony was allowed, but was limited so the mother was not allowed to go into the details of the complaint. According to D.G.'s mother, D.G. told her "a man had messed with her." D.G.'s mother said D.G. refers to the male genital area as "privacy."

Officer Diane Beggs testified she spoke with D.G. on August 30, 1987. D.G. complained to the officer that a man had kissed her on the lips, laid her body on top of his while lying in bed, and touched her on the "booty," which was her word for the buttocks area. The officer later discovered defendant was the offender. The State indicated the officer's testimony was offered under section 115—10 solely to show a complaint was made. Defendant did not object to the testimony of Officer Beggs.

Officer Richard Hazen testified he interviewed defendant on September 1, 1987, after giving defendant his *Miranda* rights. Defendant waived his rights and agreed to talk with the officer. Initially, defendant denied he sexually assaulted D.G., but later admitted he touched all the girls on the chest, back, buttocks, and sides. Specifically, he said he touched D.G. and C.C. on one occasion between the legs over their clothing. In a separate proceeding on November 4, 1987, the court determined the defendant voluntarily made the statement to Officer Hazen.

Defendant testified that on August 24, 1987, he touched the girls only during play. He admitted putting his arms around D.G. while alone with her in the bedroom, but denied playing a "hump game" or touching her on the chest, buttocks, or privates. He denied any similar interaction with C.C.

Defendant told the court that on the evening of August 24, 1987, defendant's brother informed him some cash was missing from his room in their home. Thereafter, defendant confronted D.G. and her companions and threatened to notify the police. According to defendant, the brother did not report the theft because defendant promised to replace the money.

Defendant was convicted as charged and sentenced to 36 months' probation and 6 months in the Macon County jail as a condition of probation.

Defendant argues he was denied a fair trial and is entitled to a

new trial because D.G.'s mother and Officer Diane Beggs were allowed to testify that D.G. had complained to them about the incident of sexual abuse. Defendant acknowledges section 115—10 of the Code permits testimony of an out-of-court statement made by a sexual assault victim under the age of 13 describing any complaint of an act which constitutes sexual assault as defined by, but not limited to, sections 12—13 through 12—16 of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, pars. 12—13 through 12—16). However, defendant, relying on *People v. Leamons* (1984), 127 Ill. App. 3d 1056, 469 N.E.2d 1137, argues section 115—10 codifies the common law limitations governing corroborative complaints in rape cases.

The specific limitation defendant argues is applicable to this case is one which mandates the complaint be made promptly. (*People v. Damen* (1963), 28 Ill. 2d 464, 193 N.E.2d 25.) Defendant contends the unexplained two-day delay in D.G. reporting the incident to her mother and the five-day delay in reporting it to the police violated the promptness requirement.

The State initially contends defendant waived any objection to the testimony of the adults that D.G. had complained to them of a sexual assault, because defendant failed to object to their testimony to the trial court or in a post-trial motion. The record indicates defendant made a hearsay objection to D.G.'s mother's testimony about her daughter's complaint of sexual assault, yet defendant did not contend, as he does on appeal, the testimony was inappropriate because the child's complaint was untimely. The objection was overruled because the State made it clear the testimony was being offered for the limited purpose, under the corroborative complaint statute, of showing a complaint was made. Defendant did not object to the testimony of Officer Beggs.

Failure to raise an issue at trial and in a post-trial motion constitutes waiver of the issue absent plain error. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124.) The plain error exception to the waiver rule will be applied only when substantial rights of the defendant are affected or the evidence in the case is closely balanced. (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) Such error is not present in this case.

Section 115—10 of the Code provides in part as follows:

"(a) In a prosecution for a sexual act perpetrated upon a child under the age of 13, *** the following evidence shall be admitted as an exception to the hearsay rule:

***

(2) testimony of an out of court statement made by such

child describing any complaint of such act or matter or detail pertaining to any act which is an element of an offense which is the subject of a prosecution for a sexual act perpetrated upon a child." (Ill. Rev. Stat. 1987, ch. 38, par. 115—10.)

In *Leamons*, this court concluded the common law rule forbidding a detailed recitation of the complaint in a rape case also applies to similar corroborative complaints under section 115—10. (*Leamons*, 127 Ill. App. 3d at 1068, 469 N.E.2d at 1146.) Defendant relies upon *Leamons* to support his argument the prompt complaint rule in rape cases was similarly codified by section 115—10. However, as this court recently noted in *People v. Cregar* (1988), 172 Ill. App. 3d 807, 526 N.E.2d 1376, *appeal denied* (1988), 123 Ill. 2d 561, the *Leamons* decision discussed codification only as it pertained to the admission of details of the corroborative complaint. The promptness argument was not addressed. *Cregar*, 172 Ill. App. 3d at 824, 526 N.E.2d at 1388.

In *Cregar* we adopted the reasoning in *People v. Salas* (1985), 138 Ill. App. 3d 48, 485 N.E.2d 596, and *People v. Goebel* (1987), 161 Ill. App. 3d 113, 514 N.E.2d 60, and declared section 115—10 does not codify the common law prompt complaint rule in rape cases. (*Cregar*, 172 Ill. App. 3d 807, 526 N.E.2d 1376.) In *Salas* and *Goebel* the Second District found that section 115—10 clearly and unambiguously directs hearsay testimony that the child complained of a sexual act "shall be admitted." In the absence of a statutory requirement there be no unexplained delay, the Second District concluded it was the intent of the legislature that any evidence of delay in making the complaint will affect the weight, rather than the admissibility, of the evidence. (*Salas*, 138 Ill. App. 3d at 56, 485 N.E.2d at 602; *Goebel*, 161 Ill. App. 3d at 122-23, 514 N.E.2d at 65.) We continue to agree with this statutory analysis and interpretation of the legislative intent behind section 115—10. The defendant was not denied a fair trial in this case.

In criminal sexual assault cases involving children, the courts often engage in an excited utterance analysis to determine the admissibility of a corroborative complaint. The courts generally apply this hearsay exception liberally to cases involving children of tender years. (See *In re Marriage of Theis* (1984), 121 Ill. App. 3d 1092, 1097-98, 460 N.E.2d 912, 916-17.) Since its inception in 1983, the statutory hearsay exception provided by section 115—10 has often been ignored by the attorneys in their argument, as well as the courts in their analysis. See *People v. Bitler* (1986), 146 Ill. App. 3d 477, 497 N.E.2d 137; *People v. McNichols* (1986), 139 Ill. App. 3d 947, 487 N.E.2d 1252.

A noted work on the rules of Illinois evidence has made the following suggestion:

> "Rather than continuing the distortion of the excited utterance hearsay exception in child sexual abuse cases, resort should be had to the comprehensive hearsay exception for child sexual abuse prosecutions now provided by [section 115—10]. *** *See* Graham, Indicia of Reliability and Face to Face Confrontation: Emerging Issues in Child Sexual Abuse Prosecutions, 40 U. Miami L. Rev. 19 (1985)." (M. Graham, Cleary & Graham's Handbook of Illinois Evidence §803.3, at 150 (Supp. 1988).)

We find this reasoning sound and adopt it.

Our prior holding in *Cregar* and the language of section 115—10 prompt us to once again declare section 115—10 does not codify the common law prompt complaint rule applicable to rape cases. The analysis which ordinarily accompanies such a rule should be abandoned in cases involving the criminal sexual assault of children. Section 115—10 provides the appropriate hearsay exception applicable to sex offenses where the victim is under 13 years of age. Ill. Rev. Stat. 1987, ch. 38, par. 115—10.

In the absence of plain error, the judgment of the circuit court of Macon County is affirmed.

Affirmed.

McCULLOUGH, P.J., and LUND, J., concur.