No. 3-96-0979

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1998

 

THE PEOPLE OF THE STATE OF ) Appeal from the Circuit

ILLINOIS,     ) Court of the 14th Judicial

                               ) Circuit, Rock Island County, Plaintiff-Appellee, ) Illinois

)

v. ) No. 96-CF-657

)

MICHAEL WESTPFAHL,   )

                     ) Honorable

 Defendant-Appellant.     ) John O'Shea

                     ) Judge, Presiding

                                                                 

JUSTICE HOLDRIDGE DELIVERED THE OPINION OF THE COURT:

                                                                  

Following a jury trial, defendant, Michael L. Westpfahl, was acquitted of one count of aggravated criminal sexual abuse of L.B., a 13 year old minor, and convicted of one count of aggravated criminal sexual abuse of the same individual.  He was sentenced to a term of 4 years in prison.  Defendant maintains on appeal that: (1) the trial court committed reversible error when it 
sua
 
sponte
 conducted a competency examination of L.B. in the presence of the jury and then declared to the jury that she was "competent" to testify; (2) the trial court erred in not declaring a mis-trial  based upon the erroneous examination in the jury's presence; (3) he was not proven guilty beyond a reasonable doubt of the offense of criminal sexual abuse; and (4) the trial court abused its discretion in denying defendant's motion to continue the trial.  We affirm.

As the parties are familiar with the facts of this case, we need not recite the evidence and findings of the trial court in detail.  The parties may, however, be assured this court thoroughly reviewed the record in considering the propriety of those findings.  We will discuss the facts only as needed to explain the holding in the case.  

The defendant was charged with sexually abusing L.B., the  daughter of his estranged paramour.  Specifically, one count alleged that he reached under L.B.'s shirt and bra, placing his hand on her breasts.  The second count alleged that he placed his hand on L.B.'s vagina.  

L.B. was the first witness presented at trial.  The prosecutor began the direct examination of L.B. by asking some introductory questions.  The trial judge then interrupted the prosecutor and declared that he was required to make a "preliminary inquiry" of the witness due to her age.  The judge then, in the presence of the jury, asked the witness several questions designed to determine whether she was capable of understanding the difference between the truth and a lie under oath, and whether she understood that it was morally wrong to lie under oath.  After questioning the witness, the trial judge proclaimed that the witness was "competent to testify."  Defense counsel did not immediately object to the trial court's questioning, however an objection was registered a short time later, outside the presence of the jury.  

After this examination by the trial judge, L.B. then testified that defendant engaged the two instances of sexual contact while on an afternoon outing.  Her testimony regarding defendant's touching her breasts was very detailed and definite.  Her testimony regarding the other incident was somewhat vague.  She testified that defendant unzipped her pants, however her testimony as to where he touched her was equivocal.  Despite several attempts by the prosecutor to elicit testimony from L.B. that defendant had touched her vagina, no such testimony was given.  L.B. testified that she asked defendant what he was doing, and he told her that he wanted to have sex with her.    

L.B. further testified that she immediately informed her mother of the incidents, and that she was present when her mother confronted defendant about L.B.'s accusations.  L.B. testified that defendant admitted to her mother that the accusations were true.  

L.B.'s mother testified that immediately after the incident, L.B. told her what happened.  She then confronted defendant and asked him "if he stuck his hands down inside [L.B.'s] bra."  The defendant replied, "yes."  She then asked him if "he unzipped [her] pants." and he again replied "yes."  She asked defendant why he did those things to her daughter, and he responded that he was "trying to love" her. 

Defendant testified, denying the allegations.  However, as to his alleged admissions to L.B.'s mother when she confronted him with the allegations, he stated that he "might have" made the admissions in an effort to "calm her down."

Defendant was convicted of the count related to touching L.B.'s breasts, but was acquitted of the count related to touching her vagina.  

On appeal, defendant first maintains that the trial court committed reversible error when it conducted a competency examination of L.B. in the presence of the jury, and then declared to the jury that the witness was "competent" to testify.  Defendant maintains that the examination of L.B. by the judge, in the presence of the jury violated section 115-14 of the Code of Criminal Procedure of 1963 (724 ILCS 5/115-14 (West 1994)).  He further maintains that the trial judge's pronouncement of her as "competent" to tell the truth prejudiced him by giving the appearance to the jury that the judge also found her testimony to be credible.  

Before reaching the merits of defendant's position, we must address the People's contention that the defendant waived this issue by not immediately objecting to the judge's examination of L.B., rather than waiting until after the examination had been completed to make the objection.  In addition, the People claim that the issue was waived by the defendant's failure to state the statutory basis for the objection at the time the objection was made.  See, 
People v. Farella
, 79 Ill. App. 3d 440 (1979).

We hold that defendant has not waived this issue.  Although there is a general rule that failure to raise a timely objection at trial waives consideration of an issue on appeal (See, 
People v. Enoch
, 122 Ill. 2d 176 (1988)), we note precedent holding that a less rigid application of the rule prevails were the basis for the objection is the conduct of the trial judge.  
People v. Tyner
, 30 Ill. 2d 101, 106 (1964); 
People v. Sprinkle
, 27 Ill. 2d 389 (1963); 
People v. Dorn
, 46 Ill. App. 3d 820 (1977).  As the issue in the instant matter involves the questioning of a witness by the trial judge, we hold that the defendant properly preserved this issue for review by registering an objection outside the presence of the jury and prior to the introduction of further evidence.       

Turning to the merits of defendant's argument, we must first determine whether the trial judge erred in conducting its 
sua
 
sponte
 examination of L.B. in the presence of the jury and in announcing to the jury that it found her "competent."  Prior to conducting the examination, the trial judge announced that, as the witness was under 14 years of age, he was required to conduct an examination to determine her competency to testify.  

The trial court's reasoning was erroneous in many respects.  First, the presumption that competency hearings are required for witnesses under 14 years of age was abolished in 1989 when the current version of section 115-14 of the Criminal Code (725 ILCS 5/115-14 (West 1990)) was implemented.  See, 
People v. Trail
, 197 Ill. App. 3d 742, 748 (1990).  Since 1989, all witnesses, regardless of age, are presumed competent to testify.  Second, as the Code has provided since 1989, a competency hearing is never to be initiated 
sua
 
sponte
 by the trial judge, but rather only by motion of a party objecting to the competency of the witness.  725 ILCS 5/115-14(c) (West 1994).  Third, competency hearings "
shall
 be conducted outside the presence of the jury."  (Emphasis added.)  725 ILCS 5/115-14(c) (West 1994).  We hold that the trial judge erred in conducting a 
sua
 
sponte
 examination of L.B. in the presence of the jury.  

Having determined that the trial judge erred, we must next determine whether the error rises to the level of reversible error.  For the comments or questioning by a trial judge to constitute reversible error, the defendant must demonstrate that they were a material factor in the conviction or that prejudice appears to have been the probable result.  
People v. Anderson
, 250 Ill. App. 3d 439, 463 (1993); 
People v. Brown
, 200 Ill. App. 3d 566, 567 (1990).   Here, defendant maintains that by questioning L.B. in the presence of the jury and then announcing that he found her to be competent, the trial judge was in fact conveying his opinion to the jury that she was testifying truthfully.  Defendant maintains that L.B.'s credibility was key to the case against him, and that absent the trial judge's improper questioning and comment as to he competency, the jury would not have found her credible.  Defendant cites the split verdicts in support of his supposition that L.B. would have been found incredible absent the judge's actions.  He argues that the "not guilty" verdict on one charge demonstrates that the jury questioned L.B.'s credibility, and that the trial judge's actions must have swayed the jury to convict him on the other charge.  Thus, defendant maintains, prejudice resulted and the trial judge's actions were a material factor in his conviction.

After a careful review of the record, we cannot agree with the defendant's assertion that he has demonstrated prejudice.  First, 

we must note that while L.B.'s testimony was, of course, crucial to the case against him, it was not the only evidence of his guilt on the charge for which he was convicted.  Indeed, the evidence against defendant was overwhelming, when the defendant's admission to L.B.'s mother that he had touched L.B.'s breasts is considered.  Had defendant denied making this statement, rather than testifying that he "might" have admitted to molesting the woman's daughter in order "to calm her down," the evidence could have been considered closely balanced.  As it was, unrebutted testimony that defendant admitted committing the offense for which he was convicted, along with the testimony of L.B. and her mother, constituted overwhelming evidence of defendant's guilt.  

It is well-settled that improper remarks or rulings by the trial court may be considered harmless error if there is overwhelming evidence of defendant's guilt.  
People v. Jenkins
, 209 Ill. App. 3d 249, 257-58 (1991); 
People v. Franklin
, 93 Ill. App. 3d 986, 994 (1981).  The evidence against defendant in the instant case was overwhelming, and he has not established that the trial judge's questioning of the witness and pronouncing her competent resulted in substantial prejudice or constituted a material factor in his conviction.    

We also find that defendant's reliance upon the split verdict as demonstrative of prejudice is without merit.  Far from indicating that the jury questioned L.B.'s credibility, the split verdicts were based upon the jury's careful assessment of the evidence before them and reflect their conclusion that the proof set forth as to the charge predicated on defendant touching L.B.'s vagina was insufficient, but that the evidence was sufficient as to the charge predicated on touching her breasts.  The split verdicts were not a result of the jury's questioning L.B.'s credibility, nor were they a result of its desire to show deference to the trial judge, as defendant suggests.  Rather the split verdicts were a result of the jury's weighing of all the evidence.  

We also reject defendants suggestion that prejudice should be presumed where a competency hearing is held in the presence of the jury.  In making this argument, defendant compares the hearing required to take place outside the presence of the jury when a party challenges a witnesses' competency (725 ILCS 5/115-14 (West 1994) with the hearsay exception for testimony concerning out of court statements made by children under the age of 13 in prosecutions for sex crimes.  725 ILCS 5/115-10 (West 1994).  This provision allows the admission of hearsay testimony of the child if "[t]he court finds after a hearing held outside the presence of the jury that the time, content and circumstances of the statement provide sufficient safeguards of reliability..."  725 ILCS 5/115-10 (1994).  

Defendant notes that absent a hearing outside the presence of the jury, it is reversible error to admit testimony of a child's out of court statement.  
People v. Mitchell
, 155 Ill. 2d 344 (1993).  
People v. Smith
, 221 Ill. App. 3d 605 (1991).  He argues, by analogy, that the same result should occur where a hearing on competency is held in the presence of the jury.  We do not accept defendant's analogy.  
Mitchell
 and 
Smith
 do not stand for the proposition that error occurs when a hearing is held in the presence of the jury.  Rather, these cases stand for the proposition that error occurs when no pre-trial hearing is held on the admissibility of certain hearsay, as there must be "sufficient safeguards of reliability" when dealing with hearsay testimony.  Without such safeguards, improper admission of hearsay testimony may be presumed prejudicial.  
Smith
, 221 Ill. App. 3d at 609.  Defendant has shown no basis for extending the same presumption in matters not involving hearsay testimony.  

For the above reasons, we find that defendant has failed to demonstrate that the trial judge's erroneous questioning of L.B. and declaring her competent to testify in the presence of the jury was a material factor in the conviction or that prejudice appears to have been the probable result.

Defendant next maintains that the trial court erred in not granting a motion for a mistrial based upon the trial court's error in examining L.B. in the presence of the jury.  However, following our review of the record, we find that no motion for mistrial was ever presented.  Therefore, we deem this issue of whether the trial court erred in failing to grant a motion for mistrial to be waived.  We note however, that the decision to grant or deny a motion for a mistrial is within the sound discretion of the trial court and a ruling denying the motion is proper absent a demonstration of prejudice to the defendant. 
People v. Staten
, 143 Ill. App. 3d 1039, 1056 (1986); 
People v. Robinson
, 68 Ill. App. 3d 747 (1979).  As we have found no prejudice resulted from the trial court's erroneous examination of L.B. in the jury's presence and declaring her to be competent to testify, we likewise find no prejudice in the trial court's failure to grant a motion for a mistrial.   

The defendant next argues that he was not proved guilty beyond a reasonable doubt. Specifically, defendant contends: (1) that the split verdicts on the two counts demonstrate the existence of reasonable doubt as to the count on which he was convicted; and (2) the People failed to prove that the touching of L.B's breast was "for the purpose of sexual gratification or arousal of the victim or the accused," which is a necessary element of the offense of criminal sexual abuse.  720 ILCS 5/12-16 and 720 ILCS 5/12-12 (West 1994).   

When the sufficiency of the evidence is challenged in a criminal case, the relevant question on appeal is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  
People v. Collins
, 106 Ill. 2d 237, 261 (1985). Determinations regarding the credibility of the witnesses, the weight to be given to their testimony and the reasonable inferences to be drawn from the evidence are the responsibility of the trier of fact.  
People v. Steidl
, 142 Ill. 2d 204, 226 (1991).

Viewing the evidence in the light most favorable to the State, we conclude that a rational trier of fact could have found defendant guilty of aggravated criminal sexual abuse against L.B. beyond a reasonable doubt.  First, we do not view the verdicts on the two charges to be either legally or logically inconsistent.  Legally inconsistent verdicts occur where both crimes arise out of the set of facts, and the verdicts necessarily involve the conclusion that the same essential element or elements of each crime were found both to exist and not to exist.   
People v. Frias
, 99 Ill. 2d 193 (1983).  Logically inconsistent verdicts, on the other hand, arise when verdicts, though not based upon the same elements, nonetheless involve both the acceptance and rejection of the same theory of the case proposed by the State or the defense.  
People v. Landwer
, 254 Ill. App. 3d 120 (1993).  Based upon these definitions, we find in this case that neither a legal nor logical inconsistency exists in the two verdicts.   

We see nothing legally inconsistent between a verdict that acquits a defendant of the charge of sexual contact with the victim's vagina, and a verdict that convicts a defendant of sexual contact with the victim's breasts.  The two verdicts do not require that the same essential elements both exist and not exist at the same time.  

Likewise, the verdicts are not logically inconsistent.  A review of the evidence shows that a reasonable jury could have concluded that defendant fondled L.B's breasts.  L.B. specifically described the defendant as doing so, and the defendant admitted to L.B.'s mother that he placed his hands inside L.B.'s bra.  The same reasonable jury could equally have concluded that the evidence was insufficient to show that defendant touched L.B.'s vagina.  While it is clear that defendant unzipped her pants and placed his hand inside, L.B. never testified that he touched her vagina.  Moreover, defendant's admission to L.B.'s mother was that he unzipped L.B.'s pants, not that he had contact with her vagina.  Thus, after viewing the evidence in light most favorable to the People, the different verdicts reached by the jury on the two charges fail to show that defendant was not proven guilty beyond a reasonable doubt of criminal sexual abuse.

Defendant also complains that the proof that he fondled L.B.'s breast for the purpose of his or her sexual gratification is insufficient.  Again, viewing the evidence in the light most favorable to the People, we find that a reasonable trier of fact could find the element proven beyond a reasonable doubt.  Such proof can be inferred from circumstantial evidence.  
People v. Goebel
, 161 Ill. App. 3d 113 (1987).  In 
Goebel
, the court looked to the deliberate and specific action of the defendant in touching the nine-year-old victims breast in concluding that proof of such intent was shown, calling it a "thoroughly reasonable" inference for a jury to draw.  

Here, the evidence, when viewed in the light most favorable to the People established that defendant deliberately touched L.B.'s breasts, and stated to her that he wanted to have sex with her.  He subsequently told L.B.'s mother's that his intent in doing so was so that he could "love" L.B.  Under these circumstances, we find it is thoroughly reasonable for the jury to infer that defendant's purpose was for sexual gratification.  We find that defendant was convicted beyond a reasonable doubt of the offense of criminal sexual abuse.

Defendant lastly maintains that the trial judge erred in not granting his request for a continuance of his trial based upon his trial counsel's request for additional time to prepare for trial.  In support of the motion, defense counsel maintained that he wished to seek medical and psychological records of L.B. and her mother.  The motion stated no reason for the request.  The record also indicates that discovery had been initiated and completed by the both parties, and no motion or subpoena had been filed requesting the records.  While defense counsel's motion was denied, the record indicates that the trial was delayed one day.  

It is well within a trial judge's discretion to grant a continuance based upon the need for additional trial preparation, and it is only when the refusal to grant additional time prejudices the defendant's right to a fair trial that reversal is required.  
People v. Lewis
, 165 Ill. 2d 305, 310 (1995)
.  Reviewing the circumstances surrounding the request for continuance, and the trial court's denial of the request, we cannot say that the trial court abused its discretion in denying the motion, nor can we find that the defendant has shown that denial of the motion for a continuance prejudiced to his right to a fair trial.             

For the foregoing reasons, the judgment of the circuit court of Rock Island County is affirmed. 

Affirmed.

McCUSKEY, P.J., and HOMER, J., concur.